IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICKY A. SHAW, | : | CIVIL ACTION |
| | : | (Judge Connor) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CUMBERLAND TRUCK EQUIPMENT CO., | : | |
| | : | |
| Defendant. | : | NO. 09-359 |

**REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

In opposing defendant Cumberland Truck Equipment Co.'s (hereinafter "CTE") Motion for Summary Judgment, plaintiff ignores the evidence and relies solely on his own deposition testimony and generalized conclusory statements, none of which can establish a genuine issue of material fact. Further, plaintiff has mischaracterized the applicable law in the cases he cited, thereby warranting a brief Reply. Moreover, plaintiff has failed to come forth with any specific facts evidencing a need for trial. Based upon the overwhelming and undisputed evidence as supported by the record, there is no genuine issue of material fact, thus entitling defendant to summary judgment in its favor.

   A.   **Plaintiff Cannot Establish That He Was Disabled Under The ADA**

Plaintiff has failed to meet his burden or to point to any evidence which would support his argument that CTE regarded plaintiff as disabled under the ADA. Plaintiff attempts to argue that CTE regarded him as being disabled in the major life activity of walking. However, plaintiff is unable to point to any testimony or evidence which would support this claim. The management team at CTE merely observed that plaintiff was

having some difficulties walking in late 2006 and early 2007, which then led them to question whether plaintiff was physically able to perform his job duties.  As plaintiff himself points out, the relevant inquiry relates to the perception or intent of CTE.  See Pl's Response, p. 3.  A court must focus on "the reactions and perceptions of the persons interacting or working plaintiff" and not on a plaintiff's actual abilities.  *Pinegar v. Shineski*, 665 F. Supp. 2d 487, 500 (M.D. Pa. 2009), citing *Kelly v. Drexel Univ.*, 94 F.3d 102, 108-109 (3d Cir. 1996).

There is no evidence of record which would indicate that anyone at CTE perceived or regarded plaintiff as being significantly restricted in the duration, manner or condition of walking.  Moreover, there was no evidence or testimony which would indicate CTE's beliefs or perceptions as to any specific limitations on walking that plaintiff had, such as what distance plaintiff may have been able to walk, or for what amount of time.  The evidence shows only that the management team at CTE may have observed or been aware of the fact that plaintiff was having difficulties walking.  Plaintiff can point to no evidence that CTE perceived or regarded plaintiff as being substantially limited in his ability to perform the major life activity of walking.

Plaintiff has also failed to prove that defendant CTE regarded him as being substantially limited in the major life activity of working.  Plaintiff has not identified a broad range of jobs from which CTE allegedly believed plaintiff was disqualified from performing.  Even when viewed in the light most favorable to plaintiff, the record is insufficient to show that CTE regarded plaintiff as being precluded from more than just his particular job as a heavy-duty Warehouse Worker.  Plaintiff attempts to distort the evidence of record by referring to his job as that of a Forklift Operator, rather than a

heavy-duty Warehouse Worker, as well as referring to a rumor regarding whether plaintiff was operating the forklift with a cane during his employment. This alleged rumor had absolutely nothing to do with CTE's decision to send plaintiff for a medical exam and in fact, was not even mentioned in CTE's Motion for Summary Judgment. Plaintiff's argument regarding the forklift rumor is simply a reference to an irrelevant and extraneous issue which has no bearing on this case, and which specifically has nothing to do with whether CTE regarded plaintiff as disabled under the ADA. Whether plaintiff was able to operate a forklift is entirely unrelated to whether CTE believed plaintiff was disqualified from performing a broad range of jobs.

Despite plaintiff's arguments to the contrary, the fact that CTE sent plaintiff for a medical exam and the circumstances surrounding such exam simply do not prove that CTE regarded plaintiff as being disabled. Plaintiff cites to the *Tice* opinion to support his arguments that the medical exam was too broad and that CTE had no reasonable basis for requesting that plaintiff submit to such exam. *Tice v. Center Area Transportation Authority*, 247 F.3d 506 (3d Cir. 2001). However, the evidence is undisputed that at least five managers at CTE observed plaintiff having difficulty walking or performing his job duties, which observations ultimately resulted in the decision to send plaintiff for a medical exam to determine if he was able to perform the job duties required for his position. It is clear that CTE had a reasonable basis for harboring doubts about plaintiff's ability to perform his position. Further, plaintiff's arguments that the medical exam was too broad must also fail. CTE sent a Job Analysis with plaintiff's specific job duties to Concentra Medical Center. The medical exam was limited in scope as to plaintiff's ability to perform the specific job duties listed on the provided Job Analysis. Plaintiff

himself admitted that the physician's assistant went through each physical requirement on plaintiff's Job Analysis with plaintiff during the exam.[1] As such, the circumstances surrounding the medical exam do not prove that CTE regarded plaintiff as being disabled.

Lastly, the *McDonnell Douglas* burden shifting framework should be used to analyze the evidence in this case because there is no direct evidence of discrimination against plaintiff by CTE. Plaintiff argues that the burden-shifting framework does not apply here because this case involves direct evidence of discrimination in that plaintiff was terminated solely because he was regarded as being disabled. In support of such argument, plaintiff cites to only one case, which case held that the burden shifting framework did not apply because plaintiffs were terminated by defendant because they were determined to be permanently and partially disabled. See *Keys, et al., v. City of Philadelphia, et al.*, 2005 U.S. Dist. LEXIS 30137 (E.D. Pa. 2005). The *Keys* case is inapplicable to this case because there was no direct evidence of discrimination here. Plaintiff was placed on medical leave and eventually terminated because three separate medical exams determined that he was unable to perform his job duties as a heavy duty Warehouse Worker. There is no evidence, nor can plaintiff point to any evidence, which would establish that he was terminated solely because of a perceived or actual disability. No direct evidence of discrimination exists here and as such the *McDonnell Douglas* burden-shifting framework should be used in this case.

B.  **The Material Facts In This Case Are Not In Dispute**

Plaintiff argues that defendant's Motion for Summary Judgment must be denied because there are issues of material fact in dispute regarding the legitimacy of the medical examinations performed by Concentra Medical Center. However, such argument

---

[1] See Ex. C, p. 39, lns 8-21.

must fail as the material facts surrounding the medical exams are not in dispute. CTE does not dispute that a physician's assistant may have performed the February 2007 exam on plaintiff nor is it disputed that no physician from Concentra ever visited CTE. CTE also does not dispute the fact that it never sent representative materials to Concentra and that plaintiff was never sent for a Functional Capacity Examination.

Moreover, the fact that plaintiff disagreed with the results of the medical examinations does not establish a genuine issue of material fact which would preclude the entry of summary judgment. To the contrary, such facts are irrelevant to defendant CTE's Motion for Summary Judgment and instead are only being used by plaintiff to unnecessarily complicate this matter. The material facts regarding the medical exam are not in dispute; specifically, that CTE provided Concentra with a Job Analysis for plaintiff's position, that plaintiff attended three medical exams, that plaintiff was examined each time by a medical professional employed by Concentra Medical Center, and that following each exam, it was determined by a medical professional that plaintiff was not able to perform the job duties of his position pursuant to the Job Analysis.

Similarly, there is no factual dispute concerning the accuracy of the Job Analysis provided to Concentra. The Job Analysis is a document in writing which speaks for itself. Again, the fact the plaintiff disagrees with the specific job duties listed on the Job Analysis is not enough to create a genuine issue of material fact and plaintiff's arguments to the contrary must fail. Plaintiff seems to rely upon the fact that the testimony of the CTE employees differed with respect to the lifting requirements found in the Job Analysis. However, the employees testified regarding the lifting requirement for the position without the benefit of having reviewed the Job Analysis and in fact none of the

5

CTE employees who were deposed performed plaintiff's position on a daily basis. The fact that their answers varied somewhat regarding the lifting requirements of the position is entirely insignificant in determining whether plaintiff was regarded as disabled under the ADA. Plaintiff is simply trying to place irrelevant and immaterial facts in dispute here to preclude an entry of summary judgment.

### C. Plaintiff Cannot Establish That CTE Failed To Provide Him With An Accommodation Under The ADA

Plaintiff is unable to prove that CTE violated the ADA because it failed to engage in an interactive process and failed to provide plaintiff with a reasonable accommodation. Plaintiff correctly argues that an employee who is regarded as disabled under the ADA is entitled to a reasonable accommodation. *Williams v. Philadelphia Housing Authority Police Department*, 380 F.3d 751 (3d Cir. 2004). However, because plaintiff is unable to prove based upon the evidence of record that CTE regarded him as being disabled, his claims that CTE failed to provide him with a reasonable accommodation logically must also fail.

Notwithstanding that fact, plaintiff is unable to prove that CTE failed to provide him with a reasonable accommodation, because there was no accommodations that could be made to enable plaintiff to perform his job duties. A "plaintiff in a disability discrimination case who claims that the defendant engaged in discrimination by failing to make a reasonable accommodation cannot recover without showing that a reasonable accommodation was possible." *Williams*, 380 F.3d at 772. Thus, an employer will be liable if the jury can reasonably conclude that the employee would have been able to perform the job with accommodations. *Id.*

Here, no reasonable accommodations existed which would enable plaintiff to perform his position as a heavy-duty Warehouse Worker. At the outset, the medical exams demonstrated that plaintiff was unable to perform several of his job duties. Further, the only accommodation plaintiff claims that he requested was for CTE to change the job description for Warehouse Worker, which was not a reasonable accommodation because the job actually consists of the requirements listed on the Job Analysis. Moreover, plaintiff has not cited to any relevant case law, nor can he, which suggests that changing a job description is a reasonable accommodation under the ADA. The evidence clearly establishes that CTE valued plaintiff as an employee and would have made any possible accommodations to keep him employed. However, as no reasonable accommodations were possible, plaintiff is unable to prove that CTE failed to provide him with a reasonable accommodation under the ADA.

### D. Plaintiff Has Failed To Set Forth Any Evidence To Support His Claims

Plaintiff's own self-serving testimony and conclusory allegations are not enough to create a genuine issue of material fact as to whether plaintiff was discriminated and retaliated against. Courts have repeatedly held in employment discrimination cases that a plaintiff's own testimony, unsupported by any other evidence, is not enough to overcome a Motion for Summary Judgment. See *Solomon v. Soc'y of Auto. Eng'rs*, 41 Fed. Appx. 585, 586 (3d Cir. 2002) (affirming district court's rejection of claims based solely on the plaintiff's own testimony, stating "a plaintiff cannot rely on unsupported assertions, speculation, or conclusory allegations to avoid a motion for summary judgment."); *Druker v. Thom. Jefferson Univ., et. al.*, 2005 U.S. Dist. LEXIS 3781 (E.D. Pa. 2005)(plaintiff failed to present a triable issue of pretext where she provided no evidence

to support her subjective claims); *Habib v. Urban Outfitters, Inc.*, 2004 U.S. Dist. LEXIS. 8987 (E.D Pa. 2004)(employee failed to show her termination was based on an illegal discriminatory criterion as the only evidence was her own testimony about an immediate supervisor); *Mihaliko v. Potter*, 2003 U.S. Dist. LEXIS 24825 (E.D. Pa. 2003)(plaintiff's claims of discrimination must be dismissed because the only evidence to support his claim is the host of unsupported, conclusory assertions contained in the plaintiff's own deposition and brief).

For the foregoing reasons, as well as for the reasons set forth in defendant's Motion for Summary Judgment, and based upon the undisputed evidence, plaintiff simply cannot prove that he was subjected to any discrimination or retaliation under the ADA. Accordingly, defendant is entitled to summary judgment in its favor.

s/Veronica W. Saltz, Esquire  
Veronica W. Saltz, Esquire  
Alyssa N. Pianelli, Esquire  
Attorney I.D. Nos. 52931/200556  
SALTZ POLISHER P.C.  
993 Old Eagle School Rd., Suite 412  
Wayne, PA 19086  
(610) 964-3333  

Attorneys for Defendant  
Cumberland Truck Equipment Co.

Dated:  April 1, 2010

**CERTIFICATE OF SERVICE**

I, Alyssa N. Pianelli, attorney for Defendant Cumberland Truck Equipment Co. do hereby certify that on April 1, 2010, I caused a true and correct copy of the foregoing *Reply to Plaintiff's Response In Opposition to Defendant's Motion for Summary Judgment* to be filed via the Official Court Electronic Document Filing System, and that said document is therefore available for viewing and downloading from the ECF system. By virtue of this filing, service upon the following counsel, being an Electronic Case Filing User, is complete upon counsels' receipt of the Court's e-mail notification of the Notice of Electronic Filing:

> Michael J. Crocenzi, Esquire
> 320 Market Street, P.O. Box 1268
> Harrisburg, PA 17108
>
> Peter J. Russo, Esquire
> 500 East Trindle Road
> Suite 100
> Mechanicsburg, PA 17050d

>         s/Alyssa N. Pianelli
> Alyssa N. Pianelli, Esquire