### IN THE UNITED STATES DISTICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RICKY A. SHAW,** | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | **Civil Action No. 09-359** |
| **CUMBERLAND TRUCK** | : | |
| **EQUIPMENT CO.,** | : | **(Judge Connor)** |
| **Defendant** | : | |

## BRIEF IN SUPPORT OF PLAINTIFF'S
## MOTION IN LIMINE

**I.    STATEMENT OF THE FACTS**

Plaintiff, Ricky Shaw (Shaw) alleges that the Defendant, Cumberland Truck

Equipment Company (CTE), violated the Americans with Disabilities Act and the

Pennsylvania Human Relations Act. Based on the court's revised scheduling order

(Doc. 14),  CTE produced an expert report regarding damages from Chad Staller.

(Exhibit A).  Shaw filed a Motion in Limine seeking to prevent Mr. Staller from

testifying that Shaw's future lost wages should be capped as of the date Shaw

applied for social security disability benefits.  Shaw files this brief in support of

that motion.

## II.   ISSUE PRESENTED

1.     Should CTE's damage expert, Chad Staller, be prevented from testifying that Shaw's future wage loss is capped as of the date that Shaw applied for social security disability benefits?

Suggested Answer:      Yes.

## III.   ARGUMENT

**CTE's damage expert, Chad Staller, should be prevented from testifying that Shaw's future lost earnings are capped as of the date Shaw applied for social security disability benefits.**

After allegedly quoting from the Social Security Administration's website concerning the definition of disability for social security purposes, Mr. Staller states, "Given the foregoing, it must be concluded that Mr. Shaw has represented (and the Social Security Administration has agreed), that he cannot work as a Warehouse Worker or in any similar positions.  Mr. Shaw applied for Social Security Disability benefits on November 21, 2007.  Therefore, the loss, at most, extends from February 26, 2007, Mr. Shaw's last day of work with CTE, to November 21, 2007." (Exhibit A, Staller Report, pg. 4).

Mr. Staller's conclusion that Shaw's lost wages are capped as of the date that he applied for social security disability benefits is unreliable and contrary to existing precedent.  Rule 702 of the Federal Rules of Evidence states that a witness

may testify as an expert if "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." F.R.E. 702. *See also* Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993). The party offering the expert testimony has the burden of establishing that the proper testimony meets each of the three requirements by a preponderance of the evidence. Padillas v. Stork-Gamco, Inc., 186 F.3d 412, 418 (3rd Cir. 1999). An expert's opinion must be compatible with applicable law. For example, an expert cannot propose damages that are not legally recoverable. JMJ Enterprises, Inc. v. Via Veneto Italian Ice, Inc., No. 97-652 (E.D. Pa. April 15, 1998), affirmed, 178 F.3d 1279 (3rd Cir. 1999).

Mr. Staller's conclusion that Shaw's lost wages claim should be capped as of the date he applied for social security disability benefits is unreliable and inconsistent with existing precedent as set forth by the United States Supreme Court in Cleveland v. Policy Management Systems Corp., 526 U.S. 795 (1999). *See also* Turner v. Hershey Chocolate USA, 440 F.3d 604, 608 (3rd Cir. 2006). In Cleveland, the United States Supreme Court held that an SSD claim and an ADA claim can comfortably exist side by side. The court noted significant differences between the two statutes. First, the Social Security Administration does not take

into consideration the possibility of a reasonable accommodation. Second, in order to process a large number of SSD claims, the Social Security Administration uses a five-step procedure that includes a set of presumptions about disabilities, job availability, and their interrelation. This five-step process simplifies the disability determination and eliminates consideration of many differences potentially relevant to an individual's ability to perform a particular job. Third, the Social Security Administration sometimes grants SSD benefits to individuals who not only can work, but are working. As the Third Circuit stated, "Cleveland makes clear that there is no necessary inconsistency when simultaneously representing oneself as unable to work for SSDI purposes yet able to work for ADA purposes." Bisker v. GGS Information Services, Inc., No. 08-4277 (3rd Cir. July 24, 2009), 2009 WL2196789*3 (3rd Cir. 2009). *See also* Turner v. Hershey Chocolate USA, 440 F.3d 604, 608 (3rd Cir. 2006) ("Because [plaintiff's] statements in her application for social security disability benefits did not state categorically that [she] could not work at all or take into account [her] entitlement to reasonable accommodation, we see no inconsistency between these statements and [the] current claim.")

Shaw applied for social security disability benefits on November 21, 2007.[1]

In a function report Shaw completed for the Social Security Administration, Shaw did not categorically state that he is unable to work or is totally disabled. (Exhibit B). There is no mention regarding a reasonable accommodation from CTE. Shaw testified during his deposition that he applied for social security disability benefits because he did not believe that he could find a job given the economic recession, his age, and the fact that CTE had forced him to apply for long-term disability benefits. (Exhibit C, Shaw Dep. pgs. 78-79). Therefore, there is no inconsistency between Shaw's application for social security disability benefits and his ADA claim.

This court in <u>Pinegar v. Shinseki</u>, No. 07-0313 (M.D. Pa 3/11/10), 2010 WL 936728, considered this same issue when deciding a defendant's motion in limine in a Rehabilitation Act case. In <u>Pinegar</u>, the defendant argued that the plaintiff's wage loss should be capped as of the date she applied for social security disability benefits. In denying the motion, the Court held:

> Neither plaintiff's application for SSD benefits nor PA Miller's opinion regarding plaintiff's ability to work is sufficient to establish that plaintiff was, in fact, unable to earn her wages.

---

[1] Mr. Staller states in his report that Shaw applied for social security disability benefits on November 21, 2007. Shaw testified that he applied in January 2008. The date is immaterial for purposes of this Motion.

The Supreme Court has recognized that, in many cases, claims under the Social Security Act (SSA) and the Americans with Disabilities Act (ADA) "can comfortably exist side by side." *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 803, 119 S.Ct. 1597, 143 L.Ed.2d. 966 (1999). The same is true of plaintiff's application for SSD benefits and her pending claim under the Rehabilitation Act (RA). Although plaintiff stated, for purposes of her SSD benefits application, that she was unable to perform her duties, she may nevertheless attempt in the instant case to prove that, *with reasonable accommodation*, she would have been able to continue earning her wages. The SSA (unlike the ADA and the RA) does not take into account the possibility that an employee may be able to work with reasonable accommodation. *Id.*

This court's analysis in <u>Pinegar</u> should be applied to this case. Mr. Staller's analysis is unreliable and inconsistant with precedent. The analysis section on pages three and four of his report should be redacted. Mr. Staller should be prevented from testifying at trial that Shaw's lost wage claim is capped as of the date Shaw applied for social security disability benefits.

## IV.   CONCLUSION

The Plaintiff's Motion in Limine should be granted. Mr. Staller's analysis section in his report should be redacted. Mr. Staller should be prevented from testifying at trial that Shaw's lost wage claim is capped as of the day Shaw applied for social security disability benefits.

Respectfully submitted,

**GOLDBERG KATZMAN, P.C.**

/S/

Michael J. Crocenzi
Attorney I.D. #66255
320 Market Street
P.O. Box 1268
Harrisburg, PA  17108-1268
(717) 234-4161
(717) 234-6808 (facsimile)
*Attorney for Plaintiff*

Date:  January 13, 2011

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 13th day of January, 2011, I caused the foregoing document to be filed via ECF and that Michael J. Crocenzi, Esquire, is a filing user under the ECF system. Upon the electronic filing of a pleading or other document, the ECF system will automatically generate and send a Notice of Electronic Filing to all filing users associated with this case. Electronic service by the Court of the Notice of Electronic Filing constitutes service of the filed document and no additional service upon the filing user is required.

Wendy Lappin Barragree, Esquire
Saltz Polisher P.C.
993 Old Eagle School Road, Suite 412
Wayne, PA  19086

**GOLDBERG KATZMAN, P.C.**

By:   /S/ Michael J. Crocenzi, Esquire
       Michael J. Crocenzi, Esquire
       PA I.D. No.: 66255
       320 Market Street
       P.O. Box 1268
       Harrisburg, PA 17108-1268
       Phone: (717) 234-4161
       Fax: (717) 234-6808
       Email: mjc@goldbergkatzman.com

201165.1