**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RICKY A. SHAW,** | : | **CIVIL ACTION NO. 1:09-CV-0359** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **CUMBERLAND TRUCK** | : | |
| **EQUIPMENT CO.,** | : | |
| | : | |
| **Defendant** | : | |

## <u>ORDER</u>

AND NOW, this 15th day of February, 2011, upon consideration of the motion in limine (Doc. 44) filed by plaintiff Ricky Shaw ("Shaw"), and it appearing that Shaw requests that the court strike the comments section of an expert report prepared by Chad Staller ("Mr. Staller"),[1] that Shaw further requests that the court prevent Mr. Staller from testifying about the subject matter therein, and that Shaw requests in the alternative that the court compel defendant Cumberland Truck Equipment Co. ("CTE") to provide a supplement to Mr. Staller's report, and it further appearing that Shaw contends that Mr. Staller's report fails to comply with

---

[1] In the section at issue, Mr. Staller states that he questions several of the assumptions contained in a report prepared by another expert. Mr. Staller opines that the other expert report overstates Shaw's economic loss as a result of its assumptions concerning duration of loss, discount rate, and lost investment earnings.

Rule 26(a)(2)(B)(i) of the Federal Rules of Civil Procedure,[2] and the court

concluding that Shaw has failed to establish that he is entitled to preclusion of the

evidence at issue,[3] or an order compelling the production of a supplemental report,[4]

it is hereby ORDERED that Shaw's motion in limine (Doc. 44) is DENIED, without

prejudice to Shaw's right to object to evidence that Shaw believes is improperly

offered at trial.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[2] Rule 26(a)(2)(B)(i) provides that an expert report must completely state "all opinions the witness will express and the basis and reasons for them[.]" FED R. CIV. P. 26(a)(2)(B)(i). According to Shaw, Mr. Staller's report does not state his basis or reasons for questioning the other expert's analysis of duration of loss, discount rate, or lost investment earnings.

[3] Mr. Staller's testimony concerning the validity of the assumptions made by the other expert is relevant to the case. Relevant evidence is generally admissible, absent a reason to exclude it. See FED R. EVID. 401, 402. Shaw's conclusory assertion of prejudice, (see Doc. 45 at 2), does not persuade the court that the evidence should be excluded under Rule 403. See FED R. EVID. 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice[.]"). Shaw fails to proffer any other basis to exclude the evidence.

[4] A motion to compel is a discovery-related motion and, in the instant case, discovery ended nearly a year ago. Mr. Staller's report was served approximately ten months prior to the filing of the instant motion, and Shaw's counsel has had ample opportunity to explore Mr. Staller's report via expert deposition. Thus, despite the report's alleged noncompliance with Rule 26(a)(2)(B)(i), the court finds that Shaw's request for a supplemental report is untimely.