# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RICKY A. SHAW,** | : | CIVIL ACTION NO. 1:09-CV-0359 |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **CUMBERLAND TRUCK EQUIPMENT CO.,** | : | |
| **Defendant** | : | |

## **ORDER**

AND NOW, this 15th day of February, 2011, upon consideration of the motion in limine (Doc. 42) filed by plaintiff Ricky Shaw ("Shaw"), and it appearing that Shaw requests that the court strike certain portions of an expert report concerning damages, prepared by Chad Staller ("Mr. Staller"), and that Shaw further requests that the court prevent Mr. Staller from testifying to his opinion set forth in the same portions of said report, and it further appearing that Shaw takes issue with Mr. Staller's conclusion that Shaw's damages are capped as of November 21, 2007,[1] and that Shaw contends that this conclusion is unreliable and contrary to existing

---

[1] Mr. Staller assumes that Shaw was not able to earn wages after November 21, 2007, based on Shaw's application for Social Security Disability ("SSD") benefits on that date. Mr. Staller concluded that, by applying for SSD benefits, Shaw admitted that he was unable to work.

precedent,[2] and the court concluding that Mr. Staller's testimony is relevant and may provide assistance to the jury when evaluating Shaw's claims,[3] see FED. R.

---

[2] Shaw correctly points out that, contrary to Mr. Staller's assumption, Shaw's application for SSD benefits does not *conclusively* establish that he no longer incurred damages after November 21, 2007. The Supreme Court has recognized that, in many cases, claims under the Social Security Act (SSA) and the Americans with Disabilities Act (ADA) "can comfortably exist side by side." Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 803 (1999). The SSA, unlike the ADA, does not take into account the possibility that an employee may be able to work with reasonable accommodation. Id. Thus, an individual might qualify for SSD benefits *and* incur ongoing economic loss on an ADA claim if, for instance, he can show that, *with reasonable accommodation*, he would have been able to continue earning wages.
    The court recognizes the above-described flaw in the assumptions supporting Mr. Staller's conclusion; however, it does not find that Mr. Staller's testimony is therefore inadmissible. Mr. Staller has simply assumed a fact that is not necessarily true, as experts routinely do. His assumption that ongoing losses cannot coexist with receipt of SSD benefits is not true in every case, but, significantly, neither is it incompatible with applicable law. See Cleveland, 526 U.S. at 805 ("[I]n some cases an earlier SSDI claim may turn out genuinely to conflict with an ADA claim."). For these reasons, and the reasons discussed *infra*, note 3, Shaw has failed to persuade the court that the testimony at issue is inadmissible. Shaw's motion in limine will therefore be denied.

[3] Rule 702 provides that an expert witness may testify to specialized knowledge, "in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." FED. R. EVID. 702. The court finds no basis to conclude that Mr. Staller's testimony concerning Shaw's economic losses falls short of this standard. Furthermore, the court will not prevent Mr. Staller from explaining his assumption that Shaw's losses extend no further than November 21, 2007, so that the jury can understand the basis of Mr. Staller's calculation. See FED. R. EVID. 703 (setting forth the admissibility standard for evidence concerning the basis of an expert's opinion testimony). Shaw can use cross-examination and closing argument to expose the weakness in Mr. Staller's assumption. Ultimately, the jury will determine to what extent, and for how long, Shaw incurred damages. The jury could conclude that Shaw's losses extended from his last day of work to the date upon which he sought SSD benefits, and if it does so, then Mr. Staller's opinion is likely to assist the jury in calculating Shaw's losses for that time period.

2

EVID. 702, it is hereby ORDERED that Shaw's motion in limine (Doc. 42) is DENIED, without prejudice to Shaw's right to object to evidence that Shaw believes is improperly offered at trial.

                                                  <u>S/ Christopher C. Conner</u>
                                                  CHRISTOPHER C. CONNER
                                                  United States District Judge