AO 450 (Rev. 01/09) Judgment in a Civil Action

# UNITED STATES DISTRICT COURT
for the
## MIDDLE DISTRICT of PENNSYLVANIA

FILED
HARRISBURG, PA
MAY 2 3 2011
MARY E. D'ANDREA, CLERK
Per_____ Deputy Clerk

| | |
|---|---|
| RICKY A. SHAW, ) | |
| Plaintiff ) | |
| v. ) | Civil Action No.   1:09-CV-0359 |
| CUMBERLAND TRUCK EQUIPMENT CO., ) | (Judge Conner) |
| Defendant ) | |

## JUDGMENT IN A CIVIL ACTION

The court has ordered that *(check one)*:

☐ the plaintiff _____ recover from the defendant *(name)* _____ the amount of _____ dollars ($ _____), which includes prejudgment interest at the rate of _____ %, plus postjudgment interest at the rate of _____ %, along with costs.

☐ the plaintiff recover nothing, the action be dismissed on the merits, and the defendant *(name)* _____ recover costs from the plaintiff *(name)* _____.

X   other:   JUDGMENT be and is hereby ENTERED in favor of plaintiff RICKY A. SHAW, and against defendant CUMBERLAND TRUCK EQUIPMENT CO., in the amounts of $30,000 compensatory damages, $98,500 back pay, $175,000 front pay, and $50,000 punitive damages, and in accordance with the jury verdict rendered on May 19, 2011 (attached hereto). .

This action was *(check one)*:

☐ tried by a jury with Judge or Magistrate Judge   Christopher C. Conner   presiding, and the jury has rendered a verdict.

☐ tried by Judge or Magistrate Judge _____ without a jury and the above decision

☐ decided by Judge or Magistrate Judge _____ on a motion for

Date:   May 23, 2011

CLERK OF COURT   MARY E. D'ANDREA

_____
Signature of Clerk or Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICKY A. SHAW, | : | CIVIL ACTION NO. 1:09-CV-0359 |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| CUMBERLAND TRUCK EQUIPMENT CO., | : | |
| | : | |
| Defendant | : | |

FILED
HARRISBURG, PA
MAY 19 2011
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

## **VERDICT FORM**

**Question 1**: "Disability"

Do you find by a preponderance of the evidence that Mr. Shaw had a "disability" within the meaning of the ADA?

✓ Yes  ___ No

*Proceed to the next question only if you answered "Yes" to this question. If you answered "No," then proceed to Question 5.*

**Question 2**: "Qualified Individual"

Do you find by a preponderance of the evidence that Mr. Shaw, with or without reasonable accommodation, could perform the essential functions of his job?

✓ Yes  ___ No

*Proceed to the next question only if you answered "Yes" to this question. If you answered "No," then proceed to Question 5.*

**Question 3: Discrimination**

Do you find by a preponderance of the evidence that Mr. Shaw's "disability" was a motivating factor in CTE's decision to engage in an adverse employment action against Mr. Shaw?

✓ Yes   ___ No

*Proceed to the next question.*

**Question 4: Failure to Accommodate**

a.  Do you find by a preponderance of the evidence that CTE was aware of the need for an accommodation for Mr. Shaw, and that CTE failed to provide a reasonable accommodation to Mr. Shaw?

   ✓ Yes   ___ No

   *Proceed to the next question only if you answered "Yes" to this question. If you answered "No," then proceed to Question 5.*

b.  Do you find by a preponderance of the evidence that providing an accommodation to Mr. Shaw would cause an undue hardship on CTE's business?

   ___ Yes   ✓ No

   *Proceed to the next question.*

**Question 5: Retaliation**

a. Do you find by a preponderance of the evidence that Mr. Shaw engaged in conduct protected by the ADA (e.g., requesting an accommodation)?

   ✓ Yes    ___ No

   *Proceed to the next question only if you answered "Yes" to this question. If you answered "No," then proceed to the Instructions on Awarding Damages.*

b. Do you find by a preponderance of the evidence that, at the time the protected conduct took place, or thereafter, CTE engaged in an adverse employment action against Mr. Shaw because of the protected conduct?

   ✓ Yes    ___ No

   *Proceed to the Instructions on Awarding Damages.*

**Instructions on Awarding Damages:**

*Provide responses to Questions 6 through 9 ONLY IF:*
*- you answered "Yes" to Question 3, OR*
*- you answered "Yes" to Question 4a and "No" to Question 4b, OR*
*- you answered "Yes" to Questions 5a and 5b.*

*If you did not answer "Yes" to Question 3, AND you did not answer "Yes" to Question 4a and "No" to Question 4b, AND you did not answer "Yes" to any part of Question 5, then there is no need for you to award damages, and you should proceed to the Final Instructions.*

> *Note: When these instructions say "you did not answer 'Yes,'" that is intended to include either a contrary answer ('No') or no answer, if the instructions directed you to skip a question.*

**Question 6: Damages**

Do you find by a preponderance of the evidence that Mr. Shaw suffered damages as a result of CTE's actions?

✓ Yes    ___ No

*If you answered "Yes" to this question, proceed to Question 7.*
*If you answered "No," then you must award nominal damages of $1.00, and proceed to the Final Instructions.*

Nominal Damages: $ _____

**Question 7: Mitigation of Damages**

Do you find by a preponderance of the evidence that Mr. Shaw failed to mitigate his damages?

___ Yes    ✓ No

*Proceed to the next question. If you answered "Yes" to this question, you should reduce the amount of damages awarded below, in accordance with my instructions on mitigation of damages.*

**Question 8: Compensatory Damages, Back Pay, Front Pay**

What amount of compensatory damages, if any, do you award to Mr. Shaw?

$ 30,000.—

What amount of back pay, if any, do you award to Mr. Shaw?

$ 98,500.—

What amount of front pay, if any, do you award to Mr. Shaw?

$ 175,000.—

*Proceed to the next question.*

4

**Question 9: Punitive Damages**

a. Do you find by a preponderance of the evidence that a management official of CTE personally acted with malice or reckless indifference to Mr. Shaw's rights?

✓ Yes     ___ No

*Proceed to the next question only if you answered "Yes" to this question. If you answered "No," then proceed to the Final Instructions.*

b. Do you find by a preponderance of the evidence that CTE made a good-faith attempt to comply with the law, by adopting policies and procedures designed to prevent unlawful discrimination such as that suffered by Mr. Shaw?

___ Yes     ✓ No

*Proceed to the next question only if you answered "No" to this question. If you answered "Yes," then proceed to the Final Instructions.*

c. What amount of punitive damages, if any, do you award to Mr. Shaw?

$ 50,000.—

*Proceed to the Final Instructions.*


**Final Instructions:**

*You have completed the verdict form. Have your foreperson date and sign the form below and seal it in an envelope. Then, inform the bailiff that you have reached a unanimous verdict.*

*Do not give the envelope to the bailiff. Your foreperson should retain it until it is requested by the judge when court reconvenes.*

[signature]
JURY FOREPERSON

Date: 5·19·2011