IN THE UNITED STATES DISTICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICKY A. SHAW,<br>      Plaintiff | :<br>:<br>: |
| v. | :<br>:   Civil Action No. 09-359 |
| CUMBERLAND TRUCK<br>EQUIPMENT CO.,<br>      Defendant | :<br>:   (Judge Conner)<br>: |

**BRIEF IN SUPPORT OF
PETITION FOR ATTORNEY'S
FEES AND COSTS**

I.    **LEGAL ARGUMENT**

After obtaining a favorable jury verdict, the Plaintiff, Ricky Shaw ("Shaw") has now filed a Petition for Attorney's Fees and Costs. The ADA provides discretion to the Court to award a prevailing party attorney's fees, litigation expenses and costs. 42 U.S.C. §12205.

The accepted method of determining statutory attorney's fees is the Loadstar method. The loadstar amount is calculated by taking the amount of time reasonably expended by counsel for the prevailing party on the litigation and compensating that time at a reasonably hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

1

The party seeking attorney's fees bears the initial burden of proving that the requested fees are reasonable. The fee petition must include evidence supporting the hours worked and the rates claimed. The party opposing the fee petition then has the burden to challenge the reasonableness of the requested fee, by affidavit or brief with sufficient specificity to give the fee applicant notice of the objection. The District Court then has discretion to adjust the petition in light of the objections. Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3rd Cir. 1990).

In Hensley v. Eckerhart, the Supreme Court held that the amount of a fee should be determined on the facts of each case considering twelve factors which are as follows: 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill required to perform the legal service properly; 4) the preclusion of employment by the attorney due to acceptance of the case; 5) the customary fee; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or the circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and ability of the attorneys; 10) the undesirability of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases. Id. at 430.

The Third Circuit "has emphasized various concerns affecting a loadstar determination, including the reputation and status of the attorney and the general quality of a counsel's experience, knowledge and legal talent." Rank v. Balshy, 590 F. Supp. 787, 790 (M.D. Pa. 1984).

The Supreme Court has also instructed the district courts to "focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation. Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." Hensley at 435.

### A. Reasonable Rate

The lead attorneys in the case, Michael J. Crocenzi and Peter J. Russo, are seeking an hourly rate of $310.00. The requested rate is reasonable because they have met the twelve factors set forth by the Supreme Court in Hensley. They were very successful in obtaining a jury verdict for Shaw. They prevailed on all questions presented to the jury with the jury even awarding punitive damages to Shaw.

In EEOC v. Federal Express Corporation, 537 F. Supp. 2nd 700 (M.D. Pa. 2005), the court awarded an hourly fee rate of $275.00 to the Plaintiff's attorney who had approximately fourteen years of experience at the conclusion of the case. The court awarded this hourly rate in a sex discrimination case in **2005**, six years prior to the conclusion of the present matter. Attorneys Crocenzi and

Russo have more experience (eighteen and sixteen respectively) than the attorney in the Federal Express case. Furthermore, a $25 differential in rates is reasonable considering that the Court awarded $275 per hour in Federal Express about six years ago.

In Buck v. Stankovic, 2008 WL 4072656 (M.D. Pa. 2008), the court analyzed the reasonable rates for attorneys in the Middle District. The court then awarded an hourly fee of $290.00 to one of the lead attorneys in the case who had earned her law degree in 1993 and had fourteen years of experience at the time that matter concluded. Attorneys Crocenzi and Russo had more experience at the conclusion of the Shaw case than the attorney in Buck.

As noted by the court in EEOC v. Federal Express Corporation, taking a case on a contingency basis subjects the attorney to substantial risk. This certainly factors into assessing a reasonable rate. Furthermore, the complexity of this case is also a significant consideration. The Americans with Disabilities Act is a complex law with even more complex cases interpreting the law. It takes an able and experienced attorney to make it through dispositive motions and then to present a complex law to a jury. Therefore, considering all of these factors, an hourly rate of $310.00 for Attorney Crocenzi and Attorney Russo is appropriate and reasonable.

The hourly rates for the other attorneys and paralegals from Goldberg Katzman, P.C. and the Law Offices of Peter J. Russo, P.C. are also reasonable based on the same factors outlined above. The requested rates are much lower than Attorney Crocenzi and Attorney Russo and are commensurate with their experience and skill.

B.   **The Amount of Time is Reasonable and Appropriate**

To establish the time spent, the prevailing party must submit evidence of the hours worked that is specific enough to allow the court to determine if the hours are reasonable. A fee petition which includes fairly definite information as to the hours devoted to general activities is sufficient; it is not necessary to know the exact number of minutes spent on the precise activity to which each hour was devoted. Washington v. Philadelphia County Court of Common Pleas, 89 F.3d 1031, 1036 (3rd Cir. 1996). *See also*, Rode v. Dellarciprete at 1190. In the case of multiple attorneys working on the same litigation, reduction for duplication is only warranted if the attorneys are unreasonably doing the same work. Rode v. Dellarciprete, 892 F.2d at 1187.

The attorneys in this case have submitted detailed records of the time expended on tasks associated with this litigation. The time is certainly appropriate considering the amount of discovery, defending against a Motion for Summary Judgment, preparing for the trial in March 2011, which was postponed one business day before trial was to start, and then preparing and attending trial in May 2011. Furthermore, while Attorney Crocenzi and Attorney Russo tried to refrain from performing redundant tasks, everything was performed with a rational basis of representing Shaw in a professional and competent manner.

C.   **Taxable and Non-Taxable Costs Should Be Reimbursed**

Rule 54(d)(1) allows for payment of costs to the prevailing party in a federal court action. 28 U.S.C. §1920 sets forth the categories of costs that are taxable in a federal court action. These costs including the following: fees of the clerk and marshal; fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; fees and disbursements for printing and witnesses; fees for exemplification and copies of papers necessarily obtained for use in the case; docket fees under §1923 of this Title; compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under §1828 of this Title. Shaw seeks reimbursement of taxable costs in the amount of $3,999.23.

In addition to taxable costs, the ADA provides that a prevailing party may recover "litigation expenses... and costs." 42 U.S.C. §12205. Furthermore, prevailing parties in civil rights cases are generally entitled to recover any reasonable costs associated with litigating their claims, provided that the costs are necessary and properly documented. <u>Becker v. Arco Chemical Company</u>, 15 F. Supp. 2nd 621, 635 (E.D. Pa. 1998). Shaw has incurred $18,708.03 in non-taxable costs in prosecuting his case and obtaining a favorable jury verdict. As set forth in Attorney Crocenzi's affidavit, these costs were reasonable and necessary to litigate the case to a successful jury verdict.

## II. CONCLUSION

Shaw requests that the Court order the Defendant to pay attorney's fees in the amount of $146,725.45 and costs of litigation in the amount of $22,707.26 as set forth in the Fee Petition.

Respectfully submitted,
/S/
Michael J. Crocenzi, Esquire
PA I.D. No.: 66255
320 Market Street
P.O. Box 1268
Harrisburg, PA 17108-1268
Phone: (717) 234-4161
Fax: (717) 234-6808
Email: mjc@goldbergkatzman.com

Date: June 17, 2011

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 17th day of June, 2011, I caused the foregoing document to be filed via ECF and that Michael J. Crocenzi, Esquire, is a filing user under the ECF system. Upon the electronic filing of a pleading or other document, the ECF system will automatically generate and send a Notice of Electronic Filing to all filing users associated with this case. Electronic service by the Court of the Notice of Electronic Filing constitutes service of the filed document and no additional service upon the filing user is required.

                      Veronica Saltz, Esquire
                      Saltz Polisher P.C.
     993 Old Eagle School Road, Suite 412
                        Wayne, PA  19086

                                    **GOLDBERG KATZMAN, P.C.**

                          By: _____/S/_____
                                  Michael J. Crocenzi, Esquire
                                  PA I.D. No.: 66255
                                  320 Market Street
                                  P.O. Box 1268
                                  Harrisburg, PA 17108-1268
                                  Phone: (717) 234-4161
                                  Fax: (717) 234-6808
                                  Email: mjc@goldbergkatzman.com