IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICKY A. SHAW, | : CIVIL ACTION |
| | : (Judge Connor) |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| CUMBERLAND TRUCK | : ELECTRONICALLY FILED |
| EQUIPMENT CO., | : |
| | : |
| Defendant. | : NO. 09-359 |

DEFENDANT CUMBERLAND TRUCK EQUIPMENT CO.'S
BRIEF IN OPPOSITION TO PLAINTIFF'S PETITION FOR
<u>ATTORNEY'S FEES AND COSTS</u>

Veronica W. Saltz, Esquire
Attorney I.D. No.: 52931
SALTZ POLISHER P.C.
993 Old Eagle School Road, Ste. 412
Wayne, PA 19087
(610) 964-3333

Attorney for Defendant
Cumberland Truck Equipment Co.

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES .................................................................................... ii - iii

I.   RELEVANT PROCEDURAL HISTORY ....................................................... 1

II.  PLAINTIFF'S PETITION FOR ATTORNEY'S FEES
     AND COSTS IS PREMATURE ....................................................................... 2

III. PLAINTIFF'S PETITION FOR ATTORNEY'S FEES
     AND COSTS SHOULD BE DENIED OR ALTERNATIVELY,
     THE REQUESTED FEES AND COSTS REDUCED .................................... 2

     A.  CTE OBJECTIONS TO THE HOURLY RATE ................................. 4

         1. Michael J. Crocenzi, Esquire and Peter Russo, Esquire ............... 5

         2. S. Baker Kensinger, Esquire ........................................................ 6

         3. Paralegals Malinda A. Elliot, Rose M. Merrick and
            Ashley Malcolm ........................................................................... 6

         4. Joseph M. Sembrot, Esquire, Jennifer L. Ruth, Esquire,
            J. Ronaldo Legaspi, Esquire and Law Clerks Cordell Fields and
            Kathryn Peters ............................................................................. 7

     B.  CTE OBJECTS TO CERTAIN TIME ENTRIES ................................ 7

         1. Peter J. Russo, Esquire ................................................................ 8

         2. Michael J. Crocenzi, Esquire ..................................................... 10

         3. Joseph M. Sembrot, Esquire ...................................................... 11

         4. Jennifer L. Ruth, Esquire ........................................................... 12

         5. J. Ronald Legaspi, Esquire and Cordell Fields ......................... 12

         6. Paralegal Ashley Malcolm ......................................................... 12

     C.  CTE OBJECTS TO CERTAIN COSTS .............................................. 14

IV.  CONCLUSION ............................................................................................. 15

CERTIFICATE OF SERVICE .................................................................................. 16


# TABLE OF AUTHORITIES

**Page**

CASES

*Agnew v. Belron Us Inc.*
    Civ. A. No. 4:08-CV-2153 (M.D. Pa., Jones, J.) .................................................... 5

*Blum v. Stenson*
    465 U.S. 886 (1984) ............................................................................................ 4

*DIRECTV, Inc. v. Walsh*
    2006 LEXIS 74364, Civ. A. No. 3:03-CV-072 (M.D. Pa., Oct. 12, 2006) ...................... 8

*EEOC v. Federal Express Corp.*
    537 F. Supp. 2d 700 (M.D. Pa 2005) .................................................................. 15

*Evans v. Port Auth. Of NY and NJ*
    273 F.3d 346 (3d Cir. 2001) ................................................................................ 4

*Hensley v. Eckerhart*
    461 U.S. 424 (1983) ........................................................................................ 2, 3

*Hernandez v. Kalinowski*
    146 F.3d 196 (3d Cir. 1998) .............................................................................. 11

*Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*
    426 F.3d 694 (3d Cir. 2005) ................................................................................ 4

*Knight v. Drye*
    2009 LEXIS 82369, Civ. A. No. 07-3097 (E.D. Pa., Sept. 9, 2009) .............................. 3

*Loughner v. Univ. of Pittsburgh*
    260 F.3d 173 (3d Cir. 2001) ................................................................................ 4

*Maldonado v. Houstoun*
    256 F.3d 181 (3d Cir. 2001) ............................................................................ 2, 4

*McCutcheon v. America's Servicing Co.*
    560 F.2d 143 (3d Cir. 1990) ................................................................................ 3

*Pennsylvania v. Delaware Valley Citizen's Council for Clean Air*
    478 U.S. 546 (1986) ............................................................................................ 3

*Public Interest Research Group of New Jersey, Inc. v. Windall*
   51 F.3d 1179 (3d Cir. 1995) ............................................................................. 3, 8

*Rode v. Dellarciprete*
   892 F.2d 1177 (3d Cir. 1990) ............................................................ 2, 3, 4, 8, 15

*Smith v. City of Phila. Housing Auth.*
   107 F.3d 223 (3d Cir. 1997) ..................................................................................... 4

*Washington v. Philadelphia Cty. Ct. of Common Pleas*
   89 F.3d 1031 (3d Cir. 1996) .................................................................................. 4, 5

STATUTES

42 U.S.C. § 12205 ................................................................................................. 2

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICKY A. SHAW, | : CIVIL ACTION |
| | : (Judge Connor) |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| CUMBERLAND TRUCK | : |
| EQUIPMENT CO., | : |
| | : |
| Defendant. | : NO. 09-359 |

**DEFENDANT CUMBERLAND TRUCK EQUIPMENT CO.'S
BRIEF IN OPPOSITION TO PLAINTIFF'S PETITION FOR
ATTORNEY'S FEES AND COSTS**

Defendant Cumberland Truck Equipment Co. ("CTE") opposes Plaintiff's Petition for Attorney's fees and costs.

**I.   RELEVANT PROCEDURAL HISTORY**

Trial was held before the Court and a jury from May 16, 2011 through May 19, 2011 on Plaintiff's claims under the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"). The jury, on May 19, 2011, returned a verdict in favor of Plaintiff, and against CTE. On June 16, 2011, CTE filed for post-judgment relief in the form of the entry of judgment as a matter of law pursuant to Fed. R. Civ. P. 50(b) or, in the alternative, a new trial pursuant to Fed. R. Civ. P. 59, or to alter or amend the verdict pursuant to Fed. R. Civ. P. 59(e) and for a stay of judgment ("Post-Trial Motion"). Briefing on the Post-Trial Motion is due to be filed by August 1, 2011.[1]

---

[1] In calculating the 30 day period in CTE's Motion for Extension of Time to File Post-Trial Briefs, CTE inadvertently failed to account for the 30th day, July 30, 2011, falling on a Saturday. Based on the Federal Rules of Civil Procedure, CTE's Post-Trial Brief would be due on August 1, 2011, the following Monday. CTE, however, will be respectfully seeking the Court's approval to submit its brief on August 1, 2011.

On June 1, 2011, the Court entered a briefing schedule which required CTE to submit its opposition to Plaintiff's application for attorney's fees by July 8, 2011, regardless of the status of CTE's Post-Trial Motion.

## II. PLAINTIFF'S PETITION FOR ATTORNEY'S FEES AND COSTS IS PREMATURE

The ADA permits, but does not mandate, an award of reasonable attorney's fees to a prevailing party. *See* 42 U.S.C. § 12205 (stating that the "court . . . in its discretion, *may* allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs . . . .") (emphasis added). However, Plaintiff's status as a "prevailing party" remains in question. Significantly, CTE has filed a Post-Trial Motion which has yet to be briefed and considered by the Court. Given that Plaintiff may not ultimately prevail on his ADA claim, Plaintiff's application for attorney's fees and costs should be denied as premature. Alternatively, any determination on attorney's fees should be stayed pending the Court's final determination on the merits of this case.

## III. PLAINTIFF'S PETITION FOR ATTORNEY'S FEES AND COSTS SHOULD BE DENIED OR ALTERNATIVELY, THE REQUESTED FEES AND COSTS REDUCED

If the Court does not deny Plaintiff's Petition as premature, it should then determine the reasonableness of the fee request. The accepted method of determining attorney's fees is the "lodestar" method. *Rode v. Dellarciprete,* 892 F.2d 1177, 1183 (3d Cir. 1990). The lodestar method requires the Court to multiply the number of hours reasonably spent on a case by the reasonable hourly rates of the individuals who worked on the matter. *Maldonado v. Houstoun,* 256 F.3d 181, 184 (3d Cir. 2001), *citing Hensley v. Eckerhart,* 461 U.S. 424, 433-34 (1983). The party seeking fees bears the burden of establishing the reasonableness of the fee request by submitting evidence of the hours

2

expended and the hourly rates charged. *Rode,* 892 F.2d at 1183. It is on the party with the burden to produce "sufficient evidence of what constitutes a reasonable market rate for the essential character and complexity of the legal services rendered." *Knight v. Drye,* 2009 U.S. Dist. LEXIS 82369, at *8 (M.D. Pa. 2009), *quoting McCutcheon v. America's Servicing Co.,* 560 F.2d 143, 150 (3d Cir. 1990). *See also Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546, 564 (1986) (party seeking fees has the initial burden of presenting evidence that the claimed rates and time expended are reasonable).

An adverse party may raise objections to the lodestar, and the Court has considerable discretion to adjust the fee award downward in light of the objections. Indeed, the Court should review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are "excessive, redundant, or otherwise unnecessary." *Hensley,* 461 U.S. at 433-34; *Public Interest Research Group of New Jersey, Inc. v. Windall,* 51 F.3d 1179, 1188 (3d Cir. 1995). Deduction of hours is also appropriate where, as in this case, the petition inadequately documents the hours claimed. *See Hensley,* 461 U.S. at 433.

Should the Court be inclined to award fees, the fee should be at the true market rate rather than the inflated rate sought by Plaintiff and should be adjusted downward for unnecessary, redundant and/or excessive billing tasks. Likewise, where there is a lack of specificity for the task claimed, such tasks should be disregarded. *Rode,* 892 F.2d at 1190.

### A. CTE Objects To The Hourly Rates

The Court must first determine the reasonableness of the proposed hourly rates for the individuals who worked on this case. The Third Circuit has instructed that the determination of what is a reasonable hourly rate generally "is calculated according to the prevailing market rate in the relevant community." *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 180 (3d Cir. 2001). In most cases, the relevant market rate is the prevailing rate in the forum of the litigation. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 705 (3d Cir. 2005). Court are required to "assess the experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Maldonado*, 256 F.3d at 18; *Rode*, 892 F.2d at 1183.

A court must make a finding of reasonableness not based on its own "generalized sense" of appropriateness, but instead "must rely on the record." *Evans v. Port Auth. Of NY and NJ*, 273 F.3d 346, 361 (3d Cir. 2001) *quoting Smith v. City of Phila. Housing Auth.*, 107 F.3d 223, 225 (3d Cir. 1997). It is Plaintiff that "bears the burden of establishing by way of satisfactory evidence, 'in addition to [the] attorney's own affidavits,' . . . that the requested hourly rates meet [the prevailing market rate] standard." *Washington v. Philadelphia Cty. Ct. of Common Pleas*, 89 F.3d 1031, 1035 (3d Cir. 1996) *citing Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984). In this relatively straightforward and uncomplicated ADA case, Plaintiff utilized not one but two separate law firms and the services of 6 attorneys, 3 paralegals and 2 law clerks.

To support the hourly rates, Plaintiff relies solely on each individuals' respective self-serving affidavit. As such, Plaintiff fails to provide sufficient evidence to meet his

*prima facie* burden to show that the requested rates are reasonable. Plaintiff has provided no evidence to assist the Court in determining the prevailing market rates in the relevant community, such as affidavits from area attorneys of comparable skill, experience, and reputation. *See Washington,* 89 F.3d at 1035.

### 1.     Michael J. Crocenzi, Esquire and Peter J. Russo, Esquire

Messrs. Crocenzi and Russo's requested hourly rate of $310.00 per hour is unreasonable and should be reduced to conform with the prevailing market rate in the Greater Harrisburg community. Although Plaintiff has provided no evidence to assist the Court in determining the prevailing market rates in the relevant community, such as affidavits from area attorneys of comparable skill, experience, and reputation, CTE requests that the Court take judicial notice of the Declaration of Debra K. Wallet, Esquire which was recently filed in the Middle District in the matter of *Agnew v. Belron Us Inc.,* Civil Action No. 4:08-CV-2153 (Jones, J.). (Wallet Declaration attached hereto as Exhibit "A"). Ms. Wallet who has over 34 years of experience as an attorney and has practiced her entire career in the Greater Harrisburg area provides an evidentiary perspective as to the rates that attorneys are likely to command in this market.

More specifically, relying on cases decided in the past five years in the Middle District of Pennsylvania, Ms. Wallet provides as examples, instances where an attorney with 33 years of experience received an hourly rate of $280 per hour in 2010; an attorney with 33 years experience was awarded $260 per hour in 2009, an attorney with 31 years experience was awarded $300 per hour and an attorney with 7 years of experience was awarded $180 per hour in 2008, and an attorney with 19 years experience was awarded $200 per hour in 2006. (*See* Ex. A, ¶ 14). Ms. Wallet also declared that attorneys with

less then 2 years experience would not command fees in the relevant market in excess of $125 per hour. (*Id.* at ¶ 16).

Plaintiff, in support of his Petition, admits that Mr. Crocenzi was lead counsel in this matter and Mr. Russo was second chair. CTE respectfully requests that the hourly rates for Mr. Crocenzi (who has 19 years experience in a general practice area) and Mr. Russo (who has 17 years experience in a general practice area) be reduced to reflect not only the true market rates for the relevant community but each attorney's respective role in this litigation.

### 2. S. Baker Kensinger, Esquire

Mr. Kensinger did not play a necessary role in this matter and therefore CTE objects to any hourly rate for his work. Should the Court, however, consider awarding the .5 hours expended by Mr. Kensinger, CTE objects to a rate of $175 per hour for an attorney with 3 years experience and would request that such hourly rate be reduced to reflect the true market rate in the community.

### 3. Paralegals Malinda A. Elliott, Rose M. Merrick and Ashley Malcolm

CTE objects to the hourly rate of $95.00 per hour requested by Plaintiff for each of the 3 Paralegals in this matter on the basis that such rates are unreasonable and fail to reflect the true market value in this forum. Again, Plaintiff has provided no evidence to assist the Court in determining the prevailing market rates in the relevant community for paralegals. Ms. Wallet attaches to her declaration the Community Legal Services range of hourly rates for the Philadelphia area which shows that the range for Paralegal I and II is $70 to $90 per hour while the range for Senior and Supervisory Paralegals is $90 to $120 per hour. (Ex. A, ¶ 18). Ms. Wallet notes that the prevailing market rates in the

Middle District is regularly less than the prevailing market rates in cities such as Philadelphia. (*Id.*, ¶ 17). Plaintiff's request for a $95 per hour paralegal rate not only exceeds the market rate for paralegals in Philadelphia but fails to reflect the true market rate in the Middle District. It is respectfully suggested that Plaintiff's proposed rate of $60 per hour for law clerks who have completed two years of law school be applied to the work performed by all three of the paralegals on this matter.

    4. **Joseph M. Sembrot, Esquire, Jennifer L. Ruth, Esquire, J. Ronaldo Legaspi, Esquire and Law Clerks Cordell Fields and Kathryn Peters**

CTE does not object to the proposed hourly rate of $150 per hour for Mr. Sembrot and the proposed hourly rate of $175 per hour for Ms. Ruth and Mr. Legaspi nor does it object to the hourly rate of $60 per hour for Law Clerks Mr. Fields and Ms. Peters. CTE does object, however, to the certain time entries by these individuals.

**B. CTE Objects To Certain Time Entries**

With respect to calculating the number of hours reasonably expended, the Court "should review the time charged, decide whether the hours set out were reasonably expended for each particular purposes described and then exclude those that are 'excessive, redundant, or otherwise unnecessary.'" *Windall,* 51 F.3d at 1188; *see also Rode,* 892 F.2d at 1183 ("The district court should exclude hours that are not reasonably calculated"). Many of the time entries do not specify what issue the attorney or paralegal was working on at the time. For instance, many of the entries referencing telephone calls, conferences, correspondence and emails do not contain a description of the subject matter. Other entries referencing "preparation for trial" do not describe the specific tasks performed in this effort. Consequently, it is very difficult if not impossible to determine

7

whether the total amount of time spent by any of the 11 individuals on this matter was reasonable. *See e.g., DIRECTV, Inc. v. Walsh,* 2006 U.S. Dist. LEXIS 74364 (M.D. Pa., Oct. 12, 2006) (Vanaskie, J.) (noting that the "lack of specificity beyond merely describing work as 'trial preparation' hinders the Court's ability to determine the reasonableness of the hours").

### 1. Peter J. Russo, Esquire

CTE objects specifically to the following entries for Mr. Russo:

| Date | Description | Hours |
|---|---|---|
| 12/18/08 | Enter Client Info. | 0.17 |
| 12/19/08 | Telephone call with Mike Crocenzi | 1.25 |
| 12/23/08 | Telephone call with Mike Crocenzi | 0.50 |
| 01/16/09 | Send Email to Mike C | 0.17 |
| 01/27/09 | Telephone call with Mike C | 0.50 |
| 02/11/09 | Review File and make copy of all relevant information for Mike C's file | 1.00 |
| 02/12/09 | Make additional copy of file; Draft letter to Atty. Crocenzi; Prepare | 0.34 |
| 06/09/09 | Review documents | 1.00 |
| 07/27/09 | Review documents | 0.17 |
| 07/27/09 | Review documents | 0.17 |
| 08/04/09 | Review Document | 0.50 |
| 08/05/09 | Review documents – memo | 0.50 |
| 08/05/09 | Re: Shaw | 0.17 |
| 09/24/09 | Review documents – Discovery | 1.50 |
| 01/11/10 | Attendance at Depositions (Plus Travel) | 7.00 |
| 01/12/10 | Attendance at Depositions (Plus Travel) | 7.00 |
| 02/16/10 | Review documents – Motion to Enlarge Time to File Dispositive Motions | 0.17 |
| 02/16/10 | Review documents Motion to Enlarge | 0.17 |
| 04/05/10 | Review of telephone message from client re: new address, update system | 0.17 |
| 09/22/10 | Review document | 0.33 |
| 02/23/11 | Attendance at ELMP training – Conference Call with Dr. Opplinger | 3.00 |
| 02/25/11 | Printed documents for Client | 0.17 |
| 03/01/11 | Preparation of Trial | 6.00 |
| 03/02/11 | Preparation of Trial | 6.00 |
| 03/03/11 | Preparation of Trial | 4.00 |
| 05/11/11 | Preparation for court | 3.00 |
| 05/13/11 | Preparation for court | 4.00 |

| | | |
|---|---|---|
| 05/16/11 | Attendance at trial | 10.00 |
| 05/18/11 | Attendance at trial | 9.50 |
| 05/19/11 | Attendance at trial | 9.00 |

    Several of the above entries are for clerical tasks which should be excluded, specifically, the entries for 12/18/08, 2/11/09, 2/12/09, 4/5/10, 2/25/11. Additionally, based on Mr. Crocenzi's time entries, Mr. Crocenzi was not involved in this litigation until February of 2009. Thus, the entries for 12/19/08, 12/23/08, 1/16/09 and 1/27/09 should be excluded since clearly such time spent was not advancing the litigation but rather negotiating additional representation for Plaintiff. Also excludable is the time entry for 3 hours on 2/23/11 for "ELMP" training, which advances Mr. Russo's knowledge but not plaintiff's litigation. Also, the 14 hours by Mr. Russo to attend depositions on 1/11/10 and 1/12/10 since it was Mr. Crocenzi who prepared for and deposed the individuals on both days. It was unnecessary and redundant to have both counsel present for depositions for which transcripts were made available far in advance of trial. As to the time entries for 6/9/09, 7/27/09, 8/4/09, 8/5/09, 9/22/10, 3/1/11, 3/2/11, 3/3/11, 5/11/11 and 5/13/11, such entries lack any description to determine whether the time spent was necessary and reasonable.

    Finally, the following entries should be reduced as excessive and/or redundant: (1) 9/24/09 \ for 1.5 hours to review discovery served by CTE which discovery consisted of 4 pages of interrogatories and 3 pages of requests for production for a total of 7 pages; (2) on 2/16/10, there are 2 entries for the same task; (3) 5/16/11 is an entry for 10 hours attendance at trial. Mr. Crocenzi on that same day billed a total of 10.9 hours for attendance at trial and preparation for the next day while defense counsel billed 7.6 hours for attendance at trial; (4) 5/18/11 is an entry for 9.5 hours for attendance at trial where

Mr. Crocenzi billed 12.2 hours for trial attendance and preparation for the next day and defense counsel billed 8.6 hours for trial attendance.; (5) 5/19/11 is an entry for 9.0 hours for attendance at trial where Mr. Crocenzi billed 8.2 hours for trial attendance and defense counsel billed 8.1 hours for trial attendance.

### 2. Michael J. Crocenzi, Esquire

CTE objects to the time expended by Mr. Crocenzi in opposing CTE's Motion for summary judgment as excessive. Specifically, Mr. Crocenzi spent 20.6 hours on the brief in opposition which was described in the time entries as "Work on brief in opposition to motion for summary judgment" on 3/14/10 – 3.0 hours, 3/15/10 – 3.0 hours, 3/16/10 – 3.5 hours, 3/17/10 – 4.5 hours, 3/18/10 – 2.6 hours and 3/19 – 4.0 hours.

Further, CTE objects to the hours Mr. Crocenzi expended on what is described only as either "Trial Preparation" and "Prepare for Trial" on the following dates: 2/25/11 – 7.4 hours, 2/27/11 – 1.1 hours, 2/28/11 – 5.7 hours, 4/21/11 – 1.9 hours, 4/25/11 – .2 hours, 5/9/11 – 4.1 hours, 5/12/11 – 6.9 hours, 5/13/11 7.1 hours, 5/14/11 – 1.3 hours, 5/15/11 – 5.2 hours which hours total 43.9. Adding Mr. Russo's 23 hours for the vague description of "Preparation for Trial" as noted above brings the total time for "trial preparation" to 66.9 hours. Based on the general description provided, it is impossible to determine whether the hours were reasonable, redundant or necessary. Additionally, Mr. Crocenzi had four block billing entries for other tasks including "Trial Preparation" on 3/1/11 – 7.7 hours, 3/2/11 – 9.2 hours, 3/3/11 – 1.3 hours and 3/4/11 – 1.1 hours for a total of 19.3 hours. Together Messrs. Crocenzi and Russo spent a total of 86.2 hours on "trial preparation" which hinders the Court and counsel's ability to determine the

10

reasonablenss of the hours. It is respectfully suggested that the hours for trial preparation should be excluded or alternatively reduced.

Mr. Crocenzi also expended an inordinate amount of time in preparing Plaintiff's Petition for attorney's fees and costs for a total of 21.1 hours (6/7/11 – 3.8, 6/9/11 – 2.6, 6/12/11 – 1.1, 6/14/11 – .3, 6/15/11 – 4.0, 6/16/11 – 4.2 and 6/17/11 – 5.1) which, in review of the simplicity of the Petition, was excessive and should be reduced. While the time counsel spends on a fee petition is compensable, such time should not be excessive. *See Hernandez v. Kalinowski,* 146 F.3d 196, 199-200 (3d Cir. 1998).

Lastly, Mr. Crocenzi has three time entries which should be excluded as unnecessary. Specifically, (1) the time entry on 2/23/11 for 3.2 hours for "ELMO training" which advances Mr. Crocenzi's knowledge but not Plaintiff's litigation; (2) the time entry for legal research on 4/22/11 as to the timeliness of the charge for 1.8 hours which was not at issue at this juncture in the litigation; and (3) the time entry for legal research on 4/26/11 as to exhaustion of remedies for .7 hours which too was not an issue in the litigation.

### 3. Joseph M. Sembrot, Esquire

Mr. Sembrot's sole purpose was to read a deposition transcript from the witness stand at trial on May 16, 2011, a task that could have been performed by either Mr. Crocenzi or Mr. Russo or, at the very least by a paralegal. Accordingly, the 3.1 hours at a rate of $150 per hour should be excluded as unnecessary. If, however, the Court allows for such task, it should nevertheless be reduced since .8 hours was spent on reviewing the deposition transcript prior to reading, which was unnecessary.

### 4. Jennifer L. Ruth, Esquire

CTE objects to the following entries:

| | | |
|---|---|---|
| 02/24/09 | Reviewed file materials in preparation for drafting Complaint | 1.00 |
| 02/24/09 | Drafted ADA complaint | 7.00 |

Ms. Ruth spent a total of 8 hours to prepare for and draft a complaint which Mr. Crocenzi then spent an additional 3.1 hours in preparing (time entries 2/24/09, 2/25/09, 2/26/09) for a total of 11.1 hours on what amounts to a straightforward Complaint, double spaced, consisting of a total of 9 ¼ pages. Such time is clearly excessive and Ms. Ruth's time should be excluded.

### 5. J. Ronald Legaspi, Esquire and Cordell Fields

CTE objects to the following entries:

| | | |
|---|---|---|
| 02/28/11 | Research SSD issues for cross examination of Forensic Economist | 8.00 |
| 03/03/11 | Research evidence issue | 1.00 |

As it concerns the SSD research on 2/28/11 by Mr. Legaspi for 8 hours, such research was previsouly conducted by Law Clerk Mr. Fields for a total of 13.0 hours (time entries 6/23/09, 6/24/09, 6/25/09, 6/26/09 and 7/29/09). Clearly, 21 hours of research on one subject is not only redundant but excessive by both Messrs. Legaspi and Fields and should be reduced.

### 6. Paralegal Ashley Malcolm

CTE objects to the following entries:

| | | |
|---|---|---|
| 12/30/08 | Telephone call to client | 0.17 |
| 01/06/09 | Telephone call to client | 0.17 |
| 01/27/09 | Telephone call from Medlinda at Mike's office; | 0.17 |
| 01/28/09 | Telephone call from client | 0.17 |
| 02/12/09 | Telephone call form Mike; Review with ALS | 0.17 |
| 02/27/09 | Print filed docs | 0.17 |

| Date | Description | Hours |
|---|---|---|
| 03/27/09 | Telephone call to client; left message | 0.17 |
| 05/05/09 | Telephone call to client | 0.17 |
| 05/08/09 | Review incoming mail; scan | 0.17 |
| 05/08/09 | Meet with client | 0.17 |
| 05/22/09 | Telephone call from Mike C; e-mail to PJR | 0.17 |
| 06/08/09 | Scan and e-mail docs to OC | 0.17 |
| 06/10/09 | Review e-mail from PJR; print case management plan | 0.17 |
| 06/11/09 | Review incoming e-mail; reschedule hearing | 0.17 |
| 06/15/09 | E-mail to Mike C regarding meeting Re: | 0.17 |
| 06/16/09 | E-mail to/from Mike; set up apt | 0.17 |
| 06/19/09 | E-mail to Mike C to set up appt | 0.17 |
| 06/24/09 | Telephone call from Mike C | 0.17 |
| 06/25/09 | Review with PJR; print docs and save filings | 0.17 |
| 06/25/09 | Review of e-mails from PJR; print and save Orders, schedule all | 0.34 |
| 07/10/09 | Review incoming letter; scan and calendar | 0.17 |
| 07/16/09 | Telephone call from Mike Crocenzi; e-mail to PJR | 0.17 |
| 07/27/09 | Telephone call from Mike C's office; email to PJR | 0.17 |
| 08/06/09 | Review incoming letter; scan | 0.17 |
| 08/13/09 | Review incoming mail; scan | 0.17 |
| 10/28/09 | Telephone call from Mike; e-mail to PJR | 0.17 |
| 11/06/09 | Forward case management plan to EJS | 0.17 |
| 01/05/10 | Telephone call from Sheri regarding depositions | 0.17 |
| 06/03/10 | Telephone call to Mike; scheduling meeting | 0.17 |
| 12/01/10 | Review incoming order; save in file | 0.17 |
| 01/27/11 | Organize; review filed docs; save | 1.00 |
| 01/31/11 | Save incoming filings in client's file | 0.17 |
| 02/16/11 | Calculate ____ PJR; _____ | 0.17 |
| 02/16/11 | Review with PJR; email to Mike C; | 0.17 |
| 02/17/11 | Telephone call to Federal Court; left message regarding appt to look at ELMO | 0.17 |
| 02/25/11 | Review with PJR; print exhibits | 0.17 |
| 02/25/11 | Help PJR _____exhibits; dictate to KN | 0.50 |
| 02/28/11 | Review with PJR regarding depositions for Telephone call to Sharon regarding depositions | 0.34 |
| 03/01/11 | Telephone call to Sharon (2); review with PJR; Forward word docs of depositions | 0.17 |
| 03/02/11 | Telephone call from Mike C; review message; return call and left message | 0.17 |
| 03/02/11 | Telephone call to Judge Conner | 0.17 |
| 03/03/11 | Review incoming depos; forward to PJR | 0.17 |
| 04/12/11 | Review incoming faxes from OC; telephone call from Mike; email to PJR | 0.17 |
| 04/28/11 | Review with PJR; telephone call to Sherry; | 0.17 |

13

|          | e-mail to PJR                                           |      |
|----------|---------------------------------------------------------|------|
| 04/29/11 | Review incoming e-mail form Sherry regarding Witnesses; forward to PR | 0.17 |
| 05/10/11 | Review with PJR; _____                        | 0.17 |
| 05/10/11 | Telephone call from Mike C; e-mail to PJR               | 0.17 |
| 05/14/11 | Telephone call to/from clerk regarding Review with PJR  | 0.17 |
| 05/16/11 | Review incoming brief from defendant; save in file      | 0.17 |
| 05/18/11 | Scan jury instructions; e-mail to Mike C                | 0.17 |
| 05/23/11 | Review incoming filings; save in file                   | 0.17 |
| 05/23/11 | Jury info for PJR                                       | 0.17 |
| 05/25/11 | E-mail to Mike C with fees                              | 0.17 |

All of the above noted time entries are clerical/secretarial tasks which should be excluded. Additionally, many of the above entries are vague, lacking the specificity to determine if in fact such task was a clerical task or one normally performed by a paralegal.

### C. CTE Objects To Certain Costs

As to the costs, CTE objects to the following: (1) Four Subpoenas and service of Subpoenas on CTE's employees for a total cost of $331.60 since CTE had agreed to produce the employees and/or defense counsel's agreement to accept Subpoenas on their behalf, rendering such costs as unnecessary; (2) copy expense in the amount of $156.75 from Mr. Russo's office for which there is no supporting documentation; (3) West Law Research charges of $210.33 for which there is no supporting documentation; and (4) Capitol Copy Services cost for enlarging exhibits in the amounts of $60.95, $50.35 and $101.76 for a total of $213.06;[2]. CTE further objects to being taxed for fees for Plaintiff's expert Mr. Kern in the amount of **$16,637.45** for which no time entries or any other supporting documentation was provided to determine the reasonableness of such

---

[2] *See EEOC v. Federal Express Corp.,* 537 F. Supp. 2d 700, 728 (M.D. Pa. 2005)(inappropriate to tax defendant with costs for enlarging exhibits for use at trial).

14

expert's fees. The amount charged by Mr. Kern appears excessive on its face considering the lack of complexity as to the economics in this matter. To award Plaintiff such fees without affording CTE the opportunity to examine Mr. Kern's time entries for the work performed to determine the reasonableness of the fees would simply be unjust. The lack of appropriate documentation prevents a determination as to the necessity and reasonableness of the charges. Absent appropriate documentation, Plaintiff should not be entitled to reimbursement for these costs.

## IV. CONCLUSION

In responding to Plaintiff's fee petition, CTE has raised specific objections to some of the hourly rates requested and to the hours worked. Accordingly, with such objections being raised, the Court is afforded a great deal of discretion to adjust the fee award in light of the objections. *Rode,* 892 F.2d at 1183. Reasonableness is the touchstone of deciding to award fees and costs. Accordingly, CTE respectfully requests that the Court deny Plaintiff's Petition for Attorney's Fees and Costs or, in the alternative, reduce the requested rates and fees for all of the reasons set forth herein.

                        Respectfully submitted,

                        _____s/Veronica W. Saltz_____
                        Veronica W. Saltz, Esquire
                        Attorney I.D. No.: 52931
                        SALTZ POLISHER P.C.
                        993 Old Eagle School Road, Ste. 412
                        Wayne, PA 19087
                        (610) 964-3333

                        Attorney for Defendant
                        Cumberland Truck Equipment Co.

Dated: July 8, 2011

## **CERTIFICATE OF SERVICE**

I, Veronica W. Saltz, attorney for Defendant Cumberland Truck Equipment Co. do hereby certify that on July 8, 2011, I caused a true and correct copy of the foregoing *Defendant Cumberland Truck Equipment Co.'s Brief in Opposition to Plaintiff's Petition for Attorney's Fees and Costs* to be filed via the Official Court Electronic Document Filing System, and that said document is therefore available for viewing and downloading from the ECF system. By virtue of this filing, service upon the following counsel, being an Electronic Case Filing User, is complete upon counsels' receipt of the Court's e-mail notification of the Notice of Electronic Filing:

Michael J. Crocenzi, Esquire
320 Market Street, P.O. Box 1268
Harrisburg, PA 17108

Peter J. Russo, Esquire
500 East Trindle Road
Suite 100
Mechanicsburg, PA 17050d

                                                  s/Veronica W. Saltz
                                                  Veronica W. Saltz, Esquire