## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RICKY A. SHAW**, | : | **CIVIL ACTION NO. 09-359** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **CUMBERLAND TRUCK** | : | |
| **EQUIPMENT CO.,** | : | |
| | : | |
| **Defendant** | : | |

### MEMORANDUM

Plaintiff Ricky Shaw ("Shaw") brought this action against defendant

Cumberland Truck Equipment Company ("CTE") pursuant to the Americans with

Disabilities Act ("ADA"), 42 U.S.C. §12181 *et seq.*  Presently before the court is

Shaw's motion (Doc. 83) for an award of costs and attorneys' fees pursuant to Rule

54(d)(1) and (2) of the Federal Rules of Civil Procedure, and a supplement to said

motion (Doc. 105).  CTE contends that Shaw's motion is premature, and it opposes

the amount claimed, arguing that the hours Shaw's counsel billed and the rates at

which they billed were excessive, and that several expenses are not recoverable.

The motion has been fully briefed and is ripe for disposition.  For the following

reasons, the court will grant the motion in part and deny it in part.

### I.     Background

 Pursuant to the jury verdict of May 19, 2011, the court entered judgment in

favor of Shaw (Doc. 79) on May 23, 2011.  In addition, CTE filed post-verdict

motions for judgment as a matter of law, for a new trial, to alter or amend the

judgment, and for a stay of judgment, over which this court has retained

jurisdiction.  (Doc. 82).  The court is disposing of these post-verdict motions by

separate opinion.

Michael J. Crocenzi ("Crocenzi") from the law firm of Goldberg Katzman,

P.C. and Peter J. Russo ("Russo") from the Law Offices of Peter J. Russo, P.C.

represent Mr. Shaw in this case.  Crocenzi has over eighteen years of experience as

an attorney and concentrates his practice in employment law, including cases

involving the ADA and employment discrimination.  (Doc. 83 ¶ 9).  Although an

experienced litigator, Crocenzi sought co-counsel with additional expertise—

Attorney Russo.  (Doc. 96 at 7).  Russo has over sixteen years of experience litigating

a variety of specialties, including employment law.  (Doc. 83 at 8).

This case spans a time period over two years.  During the course of this case,

Shaw's legal team billed a total of 520.46 hours.  Specifically, Crocenzi billed 290.10

hours, and his colleagues billed the following hours:  Joseph Sembrot, 3.10 hours;

Jennifer Ruth, 17.50 hours; S. Baker Kensinger, 0.5 hours; and J. Ronaoldo Legaspi,

2.60 hours.  Crocenzi's two paralegals collectively billed 13 hours, and two law

clerks billed 21.10 hours.  (Doc. 83 at 8).  Russo billed 157.35 hours, and his paralegal

billed 15.21 hours.  (Id.)  Both lead attorneys, Crocenzi and Russo, billed for their

time at a rate of $310 per hour; paralegal time was billed at $95 per hour; Attorneys

Ruth, Kensinger, and Legaspi billed at an hourly rate of $175; Attorney Sembrot

billed at an hourly rate of $150; and both law clerks billed $60 per hour.  The fee

totaled $146,725.45.  (Id.)  In addition, Shaw requests an award of taxable costs in the amount of $3,999.23 and non-taxable costs of $18,708.03.  (Id. at 10).

## II.  **Legal Standard**

In ADA cases, the court has discretion to award "a reasonable attorney's fee, including litigation expenses, and costs," to the prevailing party.  42 U.S.C. § 12205. It is initially the burden of the moving party to demonstrate the reasonableness of the fees and costs requested under a fee shifting statute.  Smith v. Phila Hous. Auth., 107 F.3d 223, 225 (3d Cir. 1997).  The method the court uses for determining the reasonableness of a requested fee is the lodestar formula, which multiplies the number of hours reasonably expended by a reasonable hourly rate.  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Maldonado v. Houstoun, 256 F.3d 181, 184 (3d Cir. 2001).  "When the applicant for a fee has carried his burden of showing that the claimed rates and number of hours are reasonable, the resulting product is presumed to be the reasonable fee to which counsel is entitled."  Delaware Valley Citizens' Council, 478 U.S. 546, 564 (1986) (internal quotation omitted).  The burden then shifts to the opposing party to demonstrate the unreasonableness of the hours and rate.  Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990).  The court cannot decrease the award based on factors not raised by the adverse party.  Smith, 107 F.3d at 225.

### III.   Discussion

#### A.   Timeliness

CTE contends that Shaw's petition for attorney's fees and costs is premature because, in light of CTE's post-trial motion, Shaw might not prevail on his ADA claim.  Therefore, CTE argues, a determination should be stayed pending a final judgment on the merits.

Procedural deadlines are defined by the Federal Rules of Civil Procedure. Rule 54 expressly requires filing a motion for fees and costs no later than fourteen days after entry of judgment.  Rule 54(d)(2)(B) directs in relevant part: "Unless a statute or a court order provides otherwise, the motion must: (i) be filed no later than 14 days after the entry of judgment . . . ."  Congress added the "fourteen day deadline to Rule 54 in order to provide notice to the non-movant before the time to appeal expires; . . . and . . . resolve fee disputes efficiently while the services performed are freshly in mind."  <u>Tancredi v. Metro. Life Ins. Co.</u>, 378 F.3d 220, 227 (2d Cir. 2004) (citing Fed. R. Civ. P. 54 Advisory Comm. notes (1993)).

In this case, the court extended the fourteen-day deadline that would apply under Rule 54.  On May 31, 2011, the parties stipulated to an enlargement of time to file a motion for fees and costs (Doc. 80).   On June 1, 2011, the court issued an order extending the briefing schedule for various post-trial motions, including Shaw's motion for payment of attorney's fees and costs.  (Doc. 81).  Accordingly, Shaw filed his motion for fees on June 17, 2011, within the stipulated deadline.  (Doc. 83).  Rule 54 does not contemplate that motions for fees and costs should be stayed pending

4

final resolution of all post-trial issues.  In compliance with Rule 54 and the court's order, Shaw's motion is not premature and is timely filed.  The court therefore rejects CTE's argument concerning timeliness.  Furthermore, the undersigned notes that the instant motion and CTE's post-trial motions are being resolved concurrently.  The court will next address the substance of Shaw's motion for attorney's fees and costs.

**B.**     **Billing Rate**

"[R]easonable fees are to be calculated according to the prevailing market rates in the relevant community."  <u>Blum v. Stenson</u>, 465 U.S. 886, 895 (1984); <u>Maldonado</u>, 256 F.3d at 184.  The court "should assess the experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  <u>Dellarciprete</u>, 892 F.2d at 1183; <u>Maldonado</u>, 256 F.3d at 184.

**1.**     **Hourly Rates for Lead Counsel**

Shaw's lead counsel, Crocenzi and Russo, each seek attorney's fees at the rate of $310.00 per hour.  In support of the reasonableness of this hourly rate, Crocenzi and Russo provide affidavits highlighting their own legal experience and their qualifications.  They also cite contemporary case law from the Middle District of Pennsylvania.  (Doc. 96 at 7).  In these cases, lower rates such as $215.00 per hour were deemed reasonable for attorneys with nine years experience, half as much experience as Attorney Crocenzi.  (<u>Id.</u>)

5

A recent survey of fee awards in this district reveals a lower range of hourly rates for attorneys with comparable experience.  The Honorable Sylvia Rambo of this court recently determined that an attorney in the field of employment litigation, with fifteen years of combined experience in human resources and litigation, a masters degree in trial advocacy, and a substantial number of jury verdicts and appellate decisions in her repertoire, was entitled to a reasonable hourly rate of $225.00.  Carey v. City of Wilkes-Barre, No. 05-CV-2534, 2011 U.S. App. LEXIS 2473 (3d Cir. Pa., Feb. 8, 2011) (Doc. 186 at 4).  In another recent case, the court awarded an hourly rate of $300 to an attorney with over twenty years experience, noting this is the highest prevailing rate in this particular legal market. Overly v. Global Credit Collection Corp., No. 1:10-VC-2392, 2011 WL 2651807 (M.D. Pa., July 06, 2011).

In addition, the court takes note of the Wallet Declaration provided by CTE. (Doc. 92 at 9).  Providing a perspective as to rates in the local market, this declaration indicates that more seasoned attorneys' fees range between $200.00 and $300.00 per hour.  (Id.)

After considering the skill, experience and reputation of counsel in all of these cases, as well as the declarations and exhibits presented by the parties, and assessing the skill and experience of plaintiff's counsel, the court concludes that a rate of $275.00 per hour is reasonable for both Attorney Crocenzi and Attorney Russo.

6

### 2.    Hourly Rates for S. Baker Kensinger, Esquire

During trial Attorney Kensinger researched and provided relevant case law addressing CTE's motion for directed verdict.  CTE argues that Kensinger's role in this matter was insignificant and should not be compensated.  (Doc. 92 at 10). Further, if he is compensated, CTE asserts that Kensinger's fee should be reduced to reflect a rate commensurate with less experience.  (Id.)  Shaw contends that Kensinger's research work was necessary.   There is "no requirement that a lawyer must employ a paralegal to do research or draft pleadings."  Lee v. Javitch, Block, and Rathbone, LLP, 568 F. Supp. 2d 870, 877 (S.D. Ohio 2008).  While plaintiff's counsel have considerable discretion in using their resources, it is reasonable to bill for these research services at a lower rate.  See Smith v. Roher, 954 F. Supp. 359, 366 (D.D.C. 1997).  Furthermore, the court finds that hourly rates for a third year associate in this market are generally lower than $175.00 per hour.  (Wallet Declaration, Ex. A ¶ 16).  Accordingly, the court finds it appropriate to reduce the amounts charged at associate Kensington's hourly rate to the rate of  $125.00 per hour.

### 3.    Hourly Rate for Joseph Sembrot, Esquire

CTE objects to the employment of Attorney Sembrot for the sole purpose of reading a deposition transcript at trial, on the basis that this task could have been performed by a paralegal.  (Doc. 92 at 15).  Shaw argues that Sembrot's reading was a litigation tactic and that he was the best person to perform this task.  The court agrees that reading the transcript may have been an effective tactic.  (Doc. 96 at 14).

7

However, this task demanded little, if any, of Attorney Sembrot's professional skill. With consideration for <u>Smith v. Roher</u>, cited <u>supra</u> part III. B. 2, the court concludes that the partner rate for this work is an excessive fee.  Therefore, the court will reduce Attorney Sembrot's hourly rate to the associate rate of $125.00 per hour.

### 4. Hourly Rates for Jennifer L. Ruth, Esquire, J. Ronaldo Legaspi, Esquire, and Law Clerks

CTE does not object to these hourly rates.  The court finds that the hourly rates for Attorneys Ruth and Legaspi, and Law Clerks Fields and Peters, are reasonable.

### 5. Hourly Rates for the Paralegals

CTE objects to the hourly rate of $95.00 requested by Shaw for each of the three paralegals, on the basis that such rates are unreasonable and fail to reflect true market rates.  Parties are entitled to seek fees for paralegal services.  <u>Missouri v. Jenkins</u>, 491 U.S. 274 (1989).  "Since § 504 generally provides for recovery of attorney's fees at prevailing market rates, it follows that paralegal fees must also be recoverable at those rates."  <u>Richlin Sec. Serv. Co. v. Chertoff</u>, 553 U.S. 571 (2008).  According to the figures in the Wallet Declaration provided by CTE, the range for paralegal services in Pennsylvania varies from $70.00 to $120.00 per hour.  In view of this range, the court finds that hourly rates of $95.00 for paralegals are reasonable.

8

C.    **Reasonableness of Hours Spent**

The court must also examine whether all the hours spent were reasonable. Attorneys billing for their time are required to record their hours with "sufficient specificity to allow the district court to determine if the hours claimed are reasonable for the work performed." Washington v. Philadelphia Court of Common Pleas, 89 F. 3d 1031 (3d Cir. Pa. 1996).  Counsel should take care to note definite hours and general activities devoted to advancing the client's interest.  (Id.)  Yet the attorney need not document precise detail and exact minutes spent for each entry. (Id.)  When the opposing party makes a specific objection, the court must exclude those entries which are redundant, excessive, or unnecessary.  Interfaith Cmty. Org. v. Honeywell Int'l. Inc., 426 F. 3d 694 (3d. Cir. 2005).

1.    **Time Entries for Peter J. Russo, Esquire**

CTE challenges five entries on Russo's billing statement for lacking specificity.  (Doc. 92 at 12).  The challenged entries occurred over a total time period of nearly two and a half years.  CTE particularly objects to entries of telephone calls, conferences, correspondence, emails, and "preparation for trial[,]" which do not contain a description of the subject matter or the specific tasks performed. Under Washington v. Philadelphia Court of Common Pleas, 89 F. 3d 1031 (3d Cir. 1996) counsel need not document time entries with precise detail; rather, notation of hours and "general activities" will suffice.  It is within the normal course of business for an attorney to bill a client for such tasks as making a call, reviewing

9

documents, preparing for trial, and attending trial.   Therefore, the court finds that Russo's challenged entries will stand as reasonably specific and necessary.

CTE further challenges four specific entries as clerical in nature.   CTE argues that these tasks, such as updating client records and printing documents, might have been performed and billed at a lower clerical rate.  (Doc. 92 at 12).  The court agrees that these tasks are clerical in nature and that collectively, the 1.51 hours spent, on dates 12/18/08, 02/11/09, 04/05/10, and 02/25/11, are more properly considered an overhead expense.  The court will not award the fees requested for these tasks.

Claiming that Mr. Russo was the sole beneficiary of his three hours spent on "ELMP" training, CTE calls for these hours to be excluded altogether from the fee award.  (Doc. 92 at 13).  The court concludes, to the contrary, that both Russo and his client benefitted from this training.  Russo's newly acquired knowledge of "ELMP" benefitted Shaw by enhancing the presentation of Shaw's case to the jury. However, the court will reduce by two hours the amount of time for training; it will award one hour instead of three.

CTE also challenges the necessity of using two attorneys, both Russo and Crocenzi, to prepare for and participate in depositions on January 11, 2010 and January 12, 2010.  (Doc. 92, at 13).  It is within the district court's purview to prune redundant hours from an award for attorney fees.  Glover v. Johnson, 138 F.3d 229, 252 (6th Cir. 1998).  The court agrees that redundant hours arose from the use of two attorneys for these depositions.  Although Russo argues that his fourteen hours

of attendance were necessary to observe witness reactions to questioning, the court is not persuaded that Russo's participation was not duplicative.  Attorney Russo and his co-counsel could have strategically scheduled witness testimony, economically dividing the work of preparing for and attending depositions.  Dividing duties is an advantage of working with co-counsel.  Plaintiff's counsel have not demonstrated to the court's satisfaction that Mr. Russo's attendance was necessary during both days of depositions.  Therefore, the court finds it appropriate to reduce reimbursement for Mr. Russo's participation in the deposition by half.  The court will award a fee for seven hours.

Finally, CTE challenges five time entries as excessive or redundant.  First, CTE complains that plaintiff's counsel's expenditure of 1.5 hours to review seven pages of discovery is excessive.  The court disagrees and will award the 1.5 hours.  Second, CTE complains that counsel's time entry for February 16, 2010 has been entered twice and is therefore redundant.  Shaw's counsel concedes to this claim.  Therefore, the court finds it appropriate to remove the duplicate time entry, reducing the number of hours by 0.17.  Lastly, CTE contends that Shaw's time entries for trial preparation and attendance are inconsistent with entries of co-counsel and defense counsel.  The time entries of other attorneys in this case are not sufficient to persuade the court that Attorney Russo's entries are unreasonable or redundant.  It is both likely and reasonable that Attorney Russo spent more time in preparation or in travel.  The court will therefore award Attorney Russo fees for the full number of hours he billed for trial preparation and attendance.

11

2.   **Time Entries for Michael J. Crocenzi, Equire**

CTE challenges Crocenzi's expenditure of 20.6 hours opposing CTE's motion

for summary judgment as excessive.  (Doc. 92 at 14).  In their reply brief, Shaw's

counsel provide additional details in support of these 20.6 hours.  (Doc. 96 at 11).

Counsel devoted these hours to: (1) opposing CTE's motion for summary judgment;

(2) meeting the court's briefing requirements; (3) preparing the record; and

(4) responding to a request for undisputed facts.  Shaw's attorneys have satisfied

the court that dedicating 20.6 hours to this task is reasonable.  The court therefore

denies this objection.

CTE also argues that Crocenzi's time entries for "trial preparation" are so

vague that their reasonableness and necessity cannot be determined.  (Doc. 92, at

14).  Under Washington v. Philadelphia County Court of Common Pleas, 89 F. 3d

1031 (3d Cir. 1996), deeper description is simply not required by the Third Circuit.

Moreover, the entries are reasonable in the circumstances of this case.  Hence, the

court denies this objection.

CTE claims that Crocenzi's 20.1 hours of time spent on Shaw's petition for

attorney's fees is excessive.  (Doc. 92 at 15).   The court agrees.  "[C]ourts have

consistently held that attorneys may be awarded, under statutory fee

authorizations, compensation for . . . time spent on the fee application . . . ."

Prandini v. National Tea Co., 585 F.2d 47, 53 (3d Cir. 1978).  Shaw, in support of the

twenty hours, cites Danny Kresky Enterprises Corp. v. Magid, 716 F. 2d 215, 219

(C.A. Pa., 1983) where the Third Circuit found that billing twenty-three hours for

preparation of a complex fee petition was reasonable.  In <u>Danny Kresky</u>, the
attorneys justified spending twenty-three hours on their fee petition by submitting
a forty-eight page summary and legal argument, seventeen pages of detailed time
entries in 1/10ths of an hour, and twenty-six pages of other district court opinions
regarding fee petitions, to assist the court.  However, the Shaw case is dissimilar.
Specifically, Shaw's petition for attorney fees includes: (1) an eleven page petition;
(2) fifteen pages of detailed time entries; (3) remaining pages dedicated to exhibits,
such as attorney affidavits and curriculum vitae; and (4) a sixteen page reply brief.
Shaw's petition is thorough, but it does not contain complex legal argument, and
the attorney affidavits are rather simple documents.  In light of these facts, and
relevant case law, the court finds it appropriate to reduce the time for preparing
this petition to fifteen hours.

CTE challenges counsel's time entries for 3.2 hours of ELMO training.  (Doc.
92 at 15).  Like Mr. Russo, Crocenzi benefitted from ELMO training.  However, this
training did not exclusively benefit Crocenzi; it was beneficial to the client as well.
However, the court finds it reasonable to award fees for one hour of time, instead of
3.2.  Hence, the court will reduce the time spent by 2.2 hours and award one hour
for the training.

In response to Shaw's supplemental petition for fees, CTE objects to the
hours that Mr. Crocenzi spent as follows: (1) 13.4 hours spent preparing a reply in
support of Shaw's original petition for fees and costs, (2) 46.2 hours spent preparing
a response to CTE's post-trial motions, and (3) 4.7 hours spent preparing the

supplemental petition for fees.  The court finds that the time spend responding to

CTE's complex post-trial motions is reasonable.  However, the court also concludes

that a reduction is appropriate with respect to the reply and the supplemental

petition for fees.  Ten hours will be awarded as a reasonable amount of time to

prepare the reply brief supporting Shaw's original fee petition, and two hours will

be awarded for the supplemental petition.

### 3.    Time Entries for Jennifer L. Ruth, Esquire

CTE objects to the 11.1 hours that Attorney Ruth spent preparing and

drafting the complaint.  (Doc. 92 at 16).  CTE demands that these hours be excluded

as excessive because Attorney Crocenzi also spent 3.1 hours preparing the

complaint. (Id.)  Generally, the novelty and complexity of a case are fully reflected

in the number of billable hours recorded by counsel.  Perdue v. Kenny A., 130 S. Ct.

1662, 1674 (2010).  The court recognizes that ADA employment discrimination cases

may be complex in nature.  In this case, Shaw's counsel drafted and submitted a

nine page complaint containing four counts: (1) discrimination; (2) failure to provide

a reasonable accommodation; (3) harassment; and (4) retaliation.  (Doc. 1 at 6-9).

This complaint contains elements of moderate complexity, justifying the

employment of both attorneys Ruth and Crocenzi.  However, the court disagrees

that these are "very technical and difficult legal concepts" as described by Shaw.

(Doc. 96 at 15).  Since Ruth and Crocenzi collaborated on this work product, the

court will combine their time.  The court will award a total of ten hours for

14

preparing the complaint.  Therefore, the court finds it appropriate to reduce Ruth's time to 6.9 hours.

### 4. <u>J. Ronald Legaspi, Esquire and Cordell Fields</u>

CTE challenges the number of hours expended by Attorney Legaspi and Law Clerk Fields for research regarding Social Security Disability.  (Doc. 92 at 16).  "The court must exclude from the fee award any hours that were not reasonably expended."  <u>Hensley v. Eckerhart</u>, 461 U.S. 424 (U.S. 1983).  Shaw's counsel employed Attorney Legaspi and Law Clerk Fields to work on separate but related matters.  Fields' thirteen hours of research concerned whether any potential award for Shaw would be offset by the social security disability payments.  Legaspi's eight hours of research focused on social security matters as related to the expert witness report which was ultimately incorporated into his motion in limine.[1]  Employing a law clerk for research tasks is both sensible and economical.  However, thirteen hours devoted to one unambiguous topic is unreasonable.  Therefore, the court will deduct six hours of Fields' time, awarding seven hours.  Finding Attorney Lagaspi's research and analysis more complex than Law Clerk Fields' topic, the court will award the full eight hours expended by Legaspi.

---

[1] The court notes an inconsistency between Shaw's petition for attorney's fees and costs and CTE's brief in opposition to Plaintiff's petition for attorney's fees and costs.  Specifically, CTE challenges an award for eight hours, but Shaw's counsel only sought to recover for 2.60 hours of Attorney Legaspi's work.

### 6.    **Paralegal Ashely Malcolm**

CTE finally argues that tasks billed by paralegal Malcolm, which are purely clerical in nature, should be eliminated.  Generally, secretarial tasks are not recoverable as attorneys fees because "the salaries and benefits paid to support staff are a part of the usual and ordinary expenses of an attorney in his practice, and are properly classified as overhead."  Eiden v. Thrifty Payless Inc., 407 F. Supp. 2d 1165, 1171 (E.D. Cal. 2005).  It appears that a number of time entries by Malcolm—such as copying, appointment setting, printing and filing documents—are indeed clerical in nature and thus not recoverable.  Accordingly, the court will reduce Malcolm's time by 1.4 hours.

### D.    **Costs**

CTE challenges some of the costs requested by Shaw—specifically, costs associated with subpoenas, copy expenses, Westlaw research charges, enlarging exhibits, and certain expert fees.

### 1.    **Subpoenas**

CTE argues that the cost of $331.60 for service of subpoenas on CTE employees was unnecessary because CTE agreed to produce the employees.  Shaw explains that a dispute arose between counsel regarding the availability of Hoffman, a CTE employee.  Shaw's counsel adduced that the dispute necessitated the service of subpoenas, to ensure that all witnesses were present for trial.  The court finds that, on the basis of these events, Shaw can reasonably recover for the cost of serving subpoenas.

## 2.   **Supporting Documentation**

CTE challenges Russo's copying expense in the amount of $156.75, and

Westlaw research charges in the amount of $210.33, because there is no supporting

documentation.  (Doc. 92 at 18).  Pursuant to § 1920(4), a party is entitled to costs for

copies necessarily obtained for use in the case.  28 U.S.C. § 1920(4).  A bill of costs

shall be filed in the case.  (Id.)  Additionally, a motion for fees and costs must state

the amount sought or provide a fair estimate of it.  FED. R.CIV. P. 54(d)(2)(B)(iii).

However, a party is not required to submit a bill of costs so detailed as to make

recovery of copy expenses unattainable; rather, they are to provide the best

breakdown obtainable from retained records.  Northbrook Excess and Surplus Ins.

Co. v. Proctor and Gamble Co, 924 F. 2d 633, 643 (7th Cir. 1991).

While printing costs are recoverable, Mr. Russo has failed to provide any

specifics reflecting the number of copies, cost per page, or even that he printed the

copies for which he seeks reimbursement.  Furthermore, Russo admits to having no

"backup documentation for the copying charge."  (Doc. 96 at 16).  For these reasons,

the court will disallow the copying expense in the amount of $156.75.

By contrast, Shaw's counsel has provided supporting documentation for the

Westlaw research charges of $210.33.  These charges were documented in the initial

fee petition as well as in Plaintiff's Reply Brief Exhibit 6 entitled Westlaw charges.

Two itemized charges are documented in the amounts of $171.21 and $39.12 totaling

$210.00.  The court finds it appropriate to award the full amount of $210.33.

3.     **Enlarging Exhibits**

CTE challenges as inappropriate the $213.06 cost for enlarging exhibits.
**(**Doc. 92 at 18). Shaw requests $213.06 in costs for demonstrative enlargements for
use in this case. (Doc. 96 at 17). Recently, the Honorable Yvette Kane of this court
determined that it is inappropriate to tax a party with the costs of enlarging exhibits
for use at trial because there were other means available to publish such exhibits to
the jury. <u>EEOC v. Fed. Express Corp.</u>, 537 F. Supp. 2d 700, 729 (M.D. Pa. 2005).
"Defendant need not bear the cost for all . . . tactical decisions regarding the
manner in which to present evidence at trial." (<u>Id.</u>) Generally, § 1920(4) permits
copying exhibits for purposes of exemplification, not for the mere convenience of
counsel. Crocenzi attempts to justify this expense, explaining that use of the ELMO
screen is limited. (Doc. 96, Exh. 5 ¶ 7). When enlarging target areas of the exhibit,
ELMO cannot show the entire exhibit simultaneously for the jury to see. The court
is not convinced of the necessity for viewing both target area and the entire exhibit
simultaneously. Crocenzi further attempts to justify this cost, explaining that these
enlargements were useful for opening and closing arguments. (<u>Id.</u>) The court is not
convinced that these three enlarged exhibits were more useful or necessary than
alternative means of displaying the exhibits. In the court's view, no enlargement
was necessary. Therefore, the cost for enlargements will be disallowed.

### 5.   **Expert Fees**

CTE challenges expert fees as exorbitant and lacking appropriate documentation.  CTE contends that it is impossible to determine the necessity and reasonableness of the expert fees.  (Doc. 92 at 18-19).  Although no statute specifically allows compensation of expert fees as costs, several courts have awarded expert fees in this way.  <u>Commonwealth of Pa. v. O'Neill</u>, 473 F. 2d 1029 (3d Cir. 1973); <u>P.G. v. Brick Twp. Bd. of Educ.</u>, 124 F. Supp. 2d 251 (D.N.J. 2000).

Serving as an expert in the complex area of forensic economics, Mr. Kern published three separate reports calculating Shaw's damages for the jury's consideration in this case.  Moreover, Mr. Kern assisted counsel in preparation for cross examination of CTE's expert, Mr. Staller.  Additionally, Kern prepared for his own appearance at trial.  Mr. Kern's expert calculations, offered to the jury in his report, were fully accepted by the jury, as the verdict reflects.  Attorney Crocenzi states in his affidavit that the bills submitted in the fee petition were the actual bills received from Kern and Company for services during this case.  Defendant fails to submit evidence tending to denigrate the expert fee as unreasonable.  Therefore, the court finds it appropriate to award Mr. Kern's fee of $16,637.45 as costs.

IV.   **Recapitulation**

| | | | | | |
|---|---|---|---|---|---|
| **Attorney Crocenzi** | Hours Billed | 356.90 | | | |
| | Deduction | - 13.4 | | | |
| | Total | 343.50 | x | $275 per hour = | $ 94,462.50 |
| **Attorney Russo** | Hours Billed | 157.35 | | | |
| | Deduction | -10.68 | | | |
| | Total | 146.67 | | $275 per hour = | $ 40,279.25 |
| **Attorney Sembrot** | Hours Billed | 3.10 | x | $125 per hour = | $      387.50 |
| **Attorney Ruth** | Hours Billed | 17.50 | | | |
| | Deduction | 1.1 | | | |
| | Total | 16.40 | x | $175 per hour = | $  2,870.00 |
| **Attorney Legaspi** | Hours Billed | 2.60 | x | $175 per hour = | $      455.00 |
| **Attorney Kensinger** | Hours Billed | .50 | x | $125 per hour = | $        62.50 |
| **Paralegal Elliot** | Hours Billed | 9.0 | x | $ 95 per hour = | $      855.00 |
| **Paralegal Merrick** | Hours Billed | 4.0 | x | $ 95 per hour = | $      380.00 |
| **Paralegal Malcolm** | Hours Billed | 15.21 | | | |
| | Deduction | 1.40 | | | |
| | Total | 13.81 | x | $ 95 per hour = | $  1,311.95 |
| **Law Clerk Fields** | Hours Billed | 19.50 | | | |
| | Deduction | 6.0 | | | |
| | Total | 13.50 | x | $ 60 per hour = | $      810.00 |
| **Law Clerk Peters** | Hours Billed | 1.60 | x | $ 60 per hour = | $        96.00 |
| **Total Fees Awarded** | | | | | $ 141,969.70 |

**Total Costs**                                                                      $   22,337.45
    (taxable costs $3,999.23 - deduction $369.81) + non-taxable costs $18,708.03


    An appropriate order follows.



                                   ___S/ Christopher C. Conner___
                                   CHRISTOPHER C. CONNER
                                   United States District Judge


Dated:      March 30, 2012

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RICKY A. SHAW** , | : | **CIVIL ACTION NO. 1:09-CV-359** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **CUMBERLAND TRUCK** | : | |
| **EQUIPMENT CO.,** | : | |
| | : | |
| **Defendant** | : | |

## <u>ORDER</u>

AND NOW, this 30th day of March, 2012, upon consideration of the motion for award of costs and attorney's fees (Doc. 83) filed by plaintiff Ricky A. Shaw ("Shaw"), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1.    The motion (Doc. 83) is GRANTED in part and DENIED in part as set forth in the accompanying memorandum.  The court awards $ 141,969.70 in fees and $ 22,337.45 in costs to Shaw.

2.    The Clerk of Court is directed to CLOSE this case.

                                        <u>S/ Christopher C. Conner</u>
                                         CHRISTOPHER C. CONNER
                                         United States District Judge